HIRAM G. LOOMIS *vs.* CHARLES E. PERKINS ET AL.

First Judicial District, Hartford, March Term, 1898. ANDREWS, C. J.,
    TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Great weight is due to the action of the trial court in setting aside a
    verdict as against the evidence, and this court will not feel justified
    in reversing such decision unless there are reasonably strong grounds
    requiring it to be done.
The evidence in the present case reviewed and the action of the trial
    court in setting aside the verdict sustained.

[Submitted on briefs March 1st—decided March 24th, 1898.]

ACTION to recover for services as a surveyor and civil engin-
eer, brought to the Court of Common Pleas for Hartford
County and tried to the jury before *Case, J.;* the jury re-
turned a verdict for the plaintiff, which the court, upon
motion of the defendants, set aside and granted a new trial,
from which action of the court the plaintiff appealed for
alleged error. *No error.*

*Roger Welles,* for the appellant (plaintiff).

*Joseph L. Barbour,* for the appellees (defendants).

ANDREWS, C. J. The plaintiff brought his action against
the defendants in the Court of Common Pleas in the county
of Hartford. In his complaint and in his bill of particulars
he alleged that they were jointly indebted to him in the
amount therein stated, and claimed a joint judgment there-
for. The defendants denied their liability. The case was
tried to a jury and the plaintiff had a verdict. The judge
refused to accept the verdict and returned the jury to a
second and a third consideration, and then accepted it as it
is recorded. The court then upon motion set aside the ver-
dict and ordered a new trial. From that order this appeal
is taken. The appeal says: "Said court erred in granting
said motion of the defendants to set aside the verdict as

against the evidence in said cause, because: (1) said court had no power or authority to set aside said verdict on said motion; (2) the record in said cause fails to disclose anything from which improper conduct on the part of the jury in fairly weighing the conflicting testimony and honestly and reasonably reaching their conclusion, can be legally inferred; (3) said verdict was not against the evidence in said cause; (4) said verdict was warranted by the evidence in said cause; (5) the said verdict is warranted, on the evidence, by the terms of the charge of the said court to the jury in said cause; (6) said verdict having been rendered three times by the jury after they had been returned to a second and a third consideration thereof by the court, the power of the court to set aside said verdict no longer existed."

The duty and the power of a trial judge in respect to any verdict which may be rendered by a jury in his court, has been recently gone over quite fully by this court in *Bissell* v. *Dickerson*, 64 Conn. 61. We have no occasion to change what was then said. Since that decision trial judges have repeatedly set aside verdicts for causes which have seemed to them to require such action, and as far as we are aware the exercise of that power has been generally acquiesced in. Ordinarily the power to set aside a verdict is called into action only by the motion of the party against whom the verdict was rendered. And there was, as the law formerly stood, an apparent inequality between the parties on the result of the motion. If the motion was denied, the parties making it could at once take the case, by a motion in the nature of an appeal, to the Supreme Court of Errors, but if the motion was granted, the party in whose favor the verdict was rendered and against whom the motion was granted, could not appeal. This inequality was corrected by the legislature, by the provisions of section 29, Chap. 194, of the Public Acts, 1897. That section enacts that "whenever any court shall set aside a verdict of a jury in a civil cause upon the ground that it is against the evidence in said cause, the party in whose favor said verdict was rendered may appeal

from the decision setting aside said verdict to the Supreme Court of Errors, in the manner herein provided for appeals, and the court shall report all the evidence in said cause to the Supreme Court of Errors, and make it a part of the record, and if said Supreme Court of Errors shall be of opinion that such decision setting aside the verdict was erroneous, it shall reverse such decision and order judgment to be entered upon said verdict in the lower court in favor of the party for whom said verdict was rendered."

Motions to this court have been made many times, asking that a verdict of a jury be set aside on the ground that it is against the evidence. The rule which this court follows in such cases is pretty thoroughly established by repeated decisions. It is to the effect that the verdict will not be disturbed if there is any reasonable ground appearing in the evidence on which the jury might have acted. In the present case the rule to be followed is somewhat different from the one just cited. The statute which governs this case says that in a case where a verdict is set aside by a trial judge and an appeal is taken, the judge shall report all the evidence to the Supreme Court of Errors and if said court "shall be of opinion that such decision setting aside the verdict was erroneous," it shall re-establish the verdict, etc. In such appeal this court is dealing, not directly with the verdict of the jury, but with the action of the judge. The question, strictly, is not, was the verdict against the evidence; but did the judge err? It is possibly true that in determining the latter question we may be required to pass upon the former one. In doing so, however, we must give all reasonable presumptions in favor of the correctness of the judge's action. In *Chatfield* v. *Bunnell*, 69 Conn. 511, the plaintiff had recovered a verdict in the Superior Court, which the defendant moved that court to set aside on the ground that it was against the evidence. The Superior Court denied this motion. The defendant then filed a similar motion to obtain the same relief in the Supreme Court of Errors. This court was of opinion that the verdict should not be set aside for the reason stated, and in passing on that

matter said: " Great weight is due to the action of the trial
court, in denying the original motion filed immediately upon
the conclusion of the trial, when the whole case was fresh
in its recollection." The action of a trial judge is no less
entitled to weight when he sets aside a verdict, than when
he refuses to set it aside; and for the same reasons. He
has seen the witnesses, heard their testimony, observed their
demeanor on the witness stand, their manner and bearing,
their intelligence, character and means of knowledge. And
if while all this is fresh in his mind he sets aside a verdict,
great weight would naturally be given to his action. In the
case just above cited, when the trial judge had refused to set
aside the verdict of a jury, we said: "It is only in a clear case
that, under such circumstances, we should feel justified in
coming to a different result." So, in this case, when the trial
judge has set aside the verdict of a jury, we think great weight
is due to his action, and that we should not be justified in
coming to a different result unless there were reasonably
strong grounds requiring us to do so.

" Where a new trial is granted, this court (the Supreme
Court) will interfere only when the trial court misapplies or
mistakes some principle of law, or manifestly abuses a dis-
cretion." *McCreary* v. *Hart*, 39 Kan. 216, 218; *Hicks* v.
*Stone*, 13 Minn. 434, 437. " The rule adopted in this court
(the Supreme Court), that the verdict of a jury will not be
disturbed on the ground of insufficiency of the evidence, un-
less it appears, without substantial conflict, that there is no
evidence to sustain the verdict, has no application to the
court below. The judge of that court has the same oppor-
tunity to see the witnesses, to judge of their credibility, and
of the degree of weight which ought to be given to their
evidence, as the jury has, and is often better qualified to de-
termine those questions than the jury itself. It has, there-
fore, been held by this court, in a long line of decisions, that
where the evidence is conflicting, this court will not inter-
fere with the exercise of the discretion of the court below
in granting a new trial, unless there has been abuse." *White*
v. *Merrill*, 82 Cal. 14, 17; *Smith* v. *First Nat. Bank*, 99 Mass.

605; *Reeve* v. *Dennett*, 137 id. 315, 318; Butler, Nisi Prius, 327; *Bright v. Eynon*, 1 Burr. 390, 397.

*Bartholomew* v. *Clark*, 1 Conn. 472, was a case which had been tried to a jury in the Superior Court in Litchfield county, with a verdict for the plaintiff. The court returned the jury to a second and a third consideration, and, as they adhered to their first verdict, then accepted it. The defendant filed a motion in arrest of judgment which was overruled. The defendant then moved for a new trial because the verdict was against the evidence. This motion, with the questions of law arising thereon, the Superior Court reserved for the consideration and advice of the Supreme Court of Errors. The question was argued in the Supreme Court with great ability, by Nathaniel Smith and Roger Minot Sherman for the defendant, and David Daggett and Asa Bacon for the plaintiff. The Supreme Court advised that the verdict be set aside and a new trial granted. CHIEF JUSTICE SWIFT gave the opinion of the court, and in the course of it said: "I think a discreet and prudent exercise of this power (*i. e.* that of setting aside verdicts by a trial court) can be attended with no inconvenience or danger; that it is necessary to adopt it to complete the fabric of jurisprudence, and to give to courts all the powers essential to a due execution of the law. It should be exercised only in clear cases, which will rarely occur. It will leave to juries an important and valuable power in the trial of civil causes; and when it is understood that an erroneous verdict can be corrected, the public confidence in the trial by jury will be increased, instead of being impaired." *Bacon* v. *Parker*, 12 Conn. 212, 217.

The plaintiff did certain work in surveying and making a map of premises situate at Tariffville in the town of Simsbury. This suit was brought to recover for the service thus rendered. The plaintiff had a verdict against both the defendants, which the trial judge set aside. The plaintiff now appeals on the ground that this action of the trial judge was erroneous. If the evidence in the case was such that it did not support the verdict against both defendants, that is

to say, if it was such that it was insufficient to support the verdict as against either one of the defendants, then it was rightly set aside and there is no error.

The evidence showed that the premises surveyed and of which the map was made by the plaintiff, did not belong to the defendants or either of them, and that the plaintiff knew this. He knew, also, that the surveying and map making was done, not for the benefit of the defendants or either of them, but for the benefit of some party for whom the defendants or one of them was counsel. The verdict, therefore, was not supported, unless there was evidence showing a joint contract by the defendants to pay the plaintiff for his. services. The plaintiff says the defendants requested him to do this work, and although he supposed they were acting as the agents for some one else, as they did not tell him the name of their principal he had the right to regard them as his debtors. He says that one who contracts as an agent, if he does not disclose his principal, is himself liable, and cites Story on Agency, § 267. We have no occasion to question this authority. He says, also, that by usage an attorney is liable for the fees of sheriffs, clerks of courts, etc., in cases in which the attorneys are engaged, and that by parity of reasoning this rule extends to the fees of surveyors and civil engineers employed by attorneys. As a general proposition we think this latter claim could not be supported. But even if it were correct, there would be no error in this case, unless the evidence showed that the defendants had both of them, as such agents or attorneys, contracted with the plaintiff to render the services for which he has sued.

We do not find such evidence. The defendants were not partners. True, they were father and son, they were both lawyers, and they occupied the same office. These are circumstances which might give color or weight to evidence, but standing by themselves they prove nothing. All the evidence in the case is to the effect that they were not partners.

A construction of the evidence as favorable to the claim of the plaintiff as any that seems possible, might show that one part of the work done by him was done on the request

of Mr. Charles E. Perkins, and all the rest on the request of Mr. Arthur Perkins. But the part ordered by Mr. Charles Perkins had been paid for before the suit was begun; so that as to him there was not even a *scintilla* of evidence to sustain the verdict. The joint verdict was therefore wrong, and properly set aside.

There is no error.

In this opinion the other judges concurred.