DELIA FELL ET AL. *vs.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

Third Judicial District, New Haven, January Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A contract of life insurance based upon a written application containing a warranty that the representations and answers therein made are strictly true and correct, and that any untrue answer will render the policy null and void, creates no liability on the part of the insurer if any one of such warranted statements is in fact untrue.

In a suit upon such a contract by the insured, he must allege the truth of all the statements in the application and assume the burden of proof in respect to such of them as may be denied by the defendant.

The supervision which a judge has over the verdict is an essential part
of the jury system, and the power of granting new trials for ver-
dicts against evidence is vested in the trial courts. When error is
claimed in the exercise of this power, great weight is due to the
action of the trial court, and every reasonable presumption should
be drawn in favor of its correctness.

The action of the trial judge in the present case, in setting aside a ver-
dict for the plaintiffs, sustained.

Argued January 19th—decided March 3d, 1904.

ACTION to recover on a policy of life insurance, brought
to the Court of Common Pleas in Fairfield County and
tried to the jury before *Light, Acting-Judge;* verdict for the
plaintiffs, which the court upon motion set aside as against
the evidence, from which the plaintiffs appealed. *No error.*

*John J. Walsh,* for the appellants (plaintiffs).

*Edward P. Nobbs* and *Henry C. Stevenson,* for the ap-
pellee (defendant).

HAMERSLEY, J. By the express terms of the policy of
insurance upon which this action is brought, the application
for the policy is made a part thereof. The contract of in-
surance is based upon the statements in the application.
The insured warrants that the representations and answers
made in the application are strictly correct and true, and
covenants that any untrue answer will render the policy
null and void. Such a contract creates no liability on the
part of the insurer if any one of the statements, the truth of
which is thus warranted, is in fact untrue. *Wood* v. *Hart-
ford Fire Ins. Co.,* 13 Conn. 533, 544; *Kelsey* v. *Universal
Life Ins. Co.,* 35 id. 225, 237.

- In an action on such a policy it is incumbent on the plain-
tiff to aver the truth of statements thus made and warranted,
and, if the defendant shall deny that averment in respect to
any particular statement, the burden of proof is upon the
plaintiff; and unless the truth of the statement is estab-
lished by a fair preponderance of all the evidence, the de-
fendant is entitled to judgment. *Hennessy* v. *Metropolitan
Life Ins. Co.,* 74 Conn. 699, 701.

It appears that William E. Fell, whose life was insured for the benefit of the plaintiff, stated in his application made on October 29th, 1900, that his present occupation was that of a "lockmaker," and that he had never "been rejected or postponed by this or any other company."

The plaintiffs alleged in general terms the truth of all the statements made in the application. The defendant denied this allegation in respect to the two statements mentioned. Upon trial to the jury, the contested issues of fact were limited to the truth of these two statements. Unless the jury should find, upon a fair preponderance of evidence, that each statement, when made, was strictly correct and true, the defendant was entitled to a verdict. The jury returned a verdict for the plaintiff, and the defendant moved that this verdict be set aside and a new trial granted, on the ground that the verdict was against the evidence. The court granted the motion. This appeal is from that decision, and the only reason assigned is that the court erred in setting aside the verdict and granting a new trial.

The supervision which a judge has over the verdict is an essential part of the jury system, and the power of granting new trials for verdicts against evidence is vested in the trial courts. When error is claimed in the exercise of this power, great weight is due to the action of the trial court, and every reasonable presumption should be given in favor of its correctness. *Loomis* v. *Perkins*, 70 Conn. 444, 446 ; *Howe* v. *Raymond*, 74 id. 68, 71 ; *Burr* v. *Harty*, 75 id. 127, 129 ; *Uncas Paper Co.* v. *Corbin*, ibid. 675, 678.

In *Burr* v. *Harty*, 75 Conn. 127, 129, we say : " A court has some discretion in the matter of a new trial, but it is a legal discretion. It should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality."

This statement of the limits confining the legal discretion of a trial court, governs the present case. The court below could not legally have denied the motion for a new trial.

The evidence reported fails to show any evidence upon which the jury could reasonably reach the conclusion that Fell's statement as to his occupation was strictly correct and true. This is too apparent to admit of doubt or to justify discussion. The incorrectness of the statement was shown by the uncontradicted testimony of witnesses apparently favorable to the plaintiff, and the conclusion of the jury could not fairly have been reached unless through some mistake in the application of legal principles.

There is no error in the judgment of the Court of Common Pleas.

In this opinion the other judges concurred.