ROBERT A. McKONE *vs.* JAMES S. SCHOTT.

First Judicial District, Hartford, March Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The action of the trial court in setting aside a verdict as against evidence will be reversed by this court on appeal only when some principle of law has been mistaken or misapplied, or when the judicial discretion · reposed in that court has been manifestly abused.

Argued March 2d—decided April 14th, 1909.

ACTION to recover damages for an injury to the plaintiff's horse which was alleged to have been caused by the negligence of the defendant in the management of his automobile, brought to the Court of Common Pleas in Hartford County and tried to the jury before *Coats, J.;* verdict for the plaintiff which the trial judge set aside as against the evidence, from which ruling the plaintiff appealed. *No error.*

*John J. McKone,* for the appellant (plaintiff).

*John H. Buck,* for the appellee (defendant).

RORABACK, J. The plaintiff's horse was injured in a collision with the defendant's automobile at the intersection of Capitol Avenue with Washington Street, in September, 1906. It was alleged and claimed that the defendant should have passed to the right of the intersection of the center line of these two streets, and that by reason of failing to do so, when the plaintiff was in the exercise of due care, the defendant drove his automobile against the horse of the plaintiff, causing the injuries complained of.

The defendant denied the allegations of the plaintiff's complaint. Upon the trial to the jury the plaintiff obtained

a verdict which the trial court, upon motion of the defendant, set aside as against the evidence. This action of the court presents the only reason of appeal.

The statute regulating the proceedings in the case of new trials provides that when a verdict is set aside by a trial judge and an appeal is taken, the judge shall report all the evidence to the Supreme Court of Errors, and if this court shall "be of opinion that such decision setting aside the verdict was erroneous," it shall reverse the decision. General Statutes, § 806.

The functions of trial and appellate courts with respect to setting aside the verdicts as contrary to the evidence are unlike. In such an appeal this court is dealing, not directly with the verdict of the jury, but with the action of the judge. The question, strictly, is not, was the verdict against the evidence, but did the judge err? It is possibly true that in determining the latter question we may be required to pass upon the former one. This court, on objection to verdicts as against evidence, interferes only when the trial court misapplies or mistakes some principle of law, or manifestly abuses a discretion. *Loomis* v. *Perkins*, 70 Conn. 444, 446, 447, 39 Atl. 797.

The trial judge has the same opportunity as the jury to observe what passes at the trial and to form a just estimate of the credence to be placed on the testimony of the various witnesses, has a better understanding of the law, and is not so liable to be laboring under local prejudice which sometimes tends to bias the minds of the jury.

Where error is claimed in granting new trials for verdicts against evidence, great weight is due to the action of the trial court. Every reasonable presumption should be given as to its correctness. *Fell* v. *Hancock Mutual Life Ins. Co.*, 76 Conn. 494, 496, 57 Atl. 175.

It is the duty of the trial court in its relation to the jury to protect the parties by setting aside a verdict where its manifest injustice is so plain as to clearly indicate that

the jury has disregarded the rules of law applicable to the case, or were influenced by prejudice, corruption, or partiality in reaching a decision.

In passing upon the motion for a new trial the court below used the following language: "Upon a careful examination of the evidence, I cannot escape the conclusion that manifest injustice would be done to the defendant if the verdict in this case should be allowed to stand. In my opinion the verdict is so manifestly contrary to the evidence that I cannot escape the conclusion that the jury disregarded the instructions of the court respecting the law of the case, or mistook the evidence, or were influenced by prejudice or partiality in reaching their verdict."

The appellant does not claim that the trial court mistook or misapplied some principle of law, but contends that "the record fails to disclose anything from which improper conduct on the part of the jury, or any partiality on the part of the jury, in fairly weighing the conflicting evidence and honestly and legally reaching their conclusions can be legally inferred."

The defendant contends that from the plaintiff's own evidence, the location of the injuries upon the horse, and the undisputed condition of the automobile after the collision, it was clearly apparent that the accident could not have occurred as alleged and claimed by the plaintiff. It would add nothing to the law of the case to take up and point out the evidence tending to support the various claims that the parties brought to the attention of this court. After a careful examination of the testimony of the various witnesses, it is sufficient to say that we are not disposed to hold that the trial court has exceeded the limits of its legal discretion in granting a new trial.

There is no error.

In this opinion the other judges concurred.