CECIL H. CABLES ET UX. *vs.* THE BRISTOL WATER COMPANY.

First Judicial District, Hartford, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

In reviewing the propriety of setting aside a verdict as excessive, this court is dealing directly with the action of the trial judge and only incidentally with the action of the jury.

The supervision which a trial judge has over the verdict is an essential part of our jury system.

This judicial supervision involves the exercise of a legal discretion, a clear abuse of which must appear to warrant a review by this court on appeal.

In determining whether there has been such an abuse of discretion, in setting aside a verdict as excessive, great weight is due to the action of the trial court, and every reasonable presumption should be made in favor of its correctness.

Argued October 3d—decided November 1st, 1912.

ACTION by lower riparian owners to recover damages for wrongfully diverting, discharging, and polluting the waters of two brooks flowing through their farm, brought to the Superior Court in Hartford County and tried to the jury before *Reed, J.;* verdict for the plaintiffs for $3,075 which the trial court set aside as excessive, from which ruling the plaintiffs appealed. *No error.*

*Theodore M. Maltbie* and *William M. Maltbie,* for the appellants (plaintiffs).

*Noble E. Pierce,* for the appellee (defendant).

PRENTICE, J. Upon this appeal we are called upon to review the action of the trial judge in setting aside a verdict as being excessive, and not the action of the jury in rendering the verdict, save as such review is necessarily incidental to a determination of the propriety of the judge's action. *Loomis* v. *Perkins,* 70 Conn. 444, 446, 39 Atl. 797; *McKone* v. *Schott,* 82 Conn. 70, 71, 72 Atl. 570.

The supervision which a presiding judge has over a verdict which may be rendered is an essential part of the jury system. *Burr* v. *Harty,* 75 Conn. 127, 129, 52 Atl. 724; *Howe* v. *Raymond,* 74 Conn. 68, 71, 49 Atl. 854; *Fell* v. *Hancock Mut. Life Ins. Co.,* 76 Conn. 494, 496, 57 Atl. 175. "It tends to make jurors more careful in reaching their conclusions, and gives confidence to all suitors that the finding of the jury will not be affected by any improper motives. 'Trial by jury' in the primary and usual sense of the term at the common law and in the American constitutions, is not merely a trial by a jury of twelve men before an officer vested with authority to cause them to be summoned and empanelled, to administer oaths to them

and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a trial by a jury of twelve men, in the presence and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts, and (except on an acquittal of a criminal charge) to set aside their verdict, if in his opinion it is against the law or the evidence." *Howe* v. *Raymond*, 74 Conn. 68, 71, 49 Atl. 854; *Capital Traction Co.* v. *Hof*, 174 U. S. 1, 13, 19 Sup. Ct. Rep. 580.

This judicial supervision involves the exercise of a legal discretion, and action by the court in its exercise will not be reviewed by this court unless it clearly appears that that discretion has been abused. *Burr* v. *Harty*, 75 Conn. 127, 129, 52 Atl. 724; *Loomis* v. *Perkins*, 70 Conn. 444, 447, 39 Atl. 797; *Chatfield* v. *Bunnell*, 69 Conn. 511, 521, 37 Atl. 1074.

In determining whether there has been such an abuse, "great weight is due to the action of the trial court, and every reasonable presumption should be given in favor of its correctness." *Fell* v. *Hancock Mut. Life Ins. Co.*, 76 Conn. 494, 496, 57 Atl. 175; *McKone* v. *Schott*, 82 Conn. 70, 71, 72 Atl. 570; *Loomis* v. *Perkins*, 70 Conn. 444, 446, 39 Atl. 797; *Chatfield* v. *Bunnell*, 69 Conn. 511, 521, 37 Atl. 1074.

Where the question passed upon is one as to whether or not a verdict should be set aside as excessive, "a large discretion is of necessity vested in the trial court, and only in cases where that discretion is unreasonably exercised ought the action of the trial court to be set aside." *Gray* v. *Fanning*, 73 Conn. 115, 117, 46 Atl. 831; *Case* v. *Connecticut Co.*, 85 Conn. 711, 83 Atl. 1020.

This record does not disclose an unreasonable use of the judicial discretion.

There is no error.

VOL. LXXXVI—15

In this opinion HALL, C. J., THAYER and RORABACK, Js., concurred.

WHEELER, J. (dissenting). The issues before the jury were whether the defendant had appropriated one large brook running through plaintiff's milk and fruit farm, and had seriously polluted the waters of this brook for four years, and those of another large brook running through the farm for eight years, and what damages the plaintiffs had suffered in consequence.

The trial judge set aside the verdict solely because excessive. It must be conceded upon the evidence that the jury might have found that the plaintiffs suffered substantial damage.

The jury were instructed to find the actual damages, which they might measure by the injury to the rental value. The damages, on the evidence, were dependent upon the loss in rental value. The plaintiffs offered evidence, which was uncontradicted, of the gross and net income from the farm, and some six, apparently disinterested, witnesses, testified in behalf of the plaintiffs as to the value of the farm and its rental value before and after the acts complained of, and as to the diminution in value and rental value of the farm caused by these acts.

The judgment of these witnesses rested upon adequate personal knowledge and apparent careful investigation, and was supported by good reason. It was neither unreasonable nor improbable in character. The witnesses were, so far as the record shows, entirely credible; in some instances they were men who now hold or had held public positions of prominence.

On the part of the defendant three witnesses testified as to the value of the farm from an examination made during the trial, but made no estimate of its value

before the acts complained of, and only one of these testified as to the rental value of the farm.

Between this conflict of evidence as to damage the judge left its determination to the jury. If the jury credited the testimony of the plaintiffs' witnesses as to damages, they must have rendered as large a verdict as they did. On the verdict being reported the trial judge did not return them to its further consideration. In setting aside the verdict he did not set it aside conditionally.

My brethren think the action of the trial court should be held within the exercise of its discretion. The emphasis which the opinion places upon the trial court's exercise of discretion makes it important to point out that the discretion the trial judge exercises is a legal discretion. "A court has some discretion in the matter of a new trial, but it is a legal discretion. It should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption, or partiality." *Burr* v. *Harty,* 75 Conn. 127, 129, 52 Atl. 724; *Fell* v. *Hancock Mut. Life Ins. Co.,* 76 Conn. 494, 496, 57 Atl. 175; *Wood* v. *Holah,* 80 Conn. 314, 315, 68 Atl. 323.

We think the court in upholding the discretion of the trial judge lost sight of our rule that his discretion should be exercised within the limitations of the rule of law just quoted.

In this case the controverted issue of damage rested upon the credit to be attached to variant testimony, in a case where the conclusion of the jury could not be

held unreasonable or partial, indeed where the preponderance of the evidence pointed to the correctness of their conclusion. "It is true that the jury is a tribunal which is regarded by the law as one especially fitted to decide controverted questions of fact upon evidence. The jury decides how much credibility is to be given to each witness, what weight justly belongs to the evidence, and between the statements of hostile and contradictory witnesses, where the truth is; and if the verdict to which they have agreed is a conclusion to which twelve honest men, acting fairly and intelligently, might come, then their verdict is final and cannot be disturbed. In such a case if the trial judge should set aside their verdict he would be himself in error. He would pass the true bounds of his own function and invade the province of the jury. It is only when the verdict is manifestly and palpably against the evidence in the case—so much as to indicate that the jury was swayed by passion, by ignorance, partiality or corruption—that it should be set aside on that ground and a new trial granted." *Howe* v. *Raymond*, 74 Conn. 68, 71, 49 Atl. 854. "On every appeal of this character the controlling question is whether the conclusion is one which the jury might reasonably have reached; one to which twelve honest men acting fairly and intelligently might reasonably have come. If it is, the verdict should stand; if it is not, it should be set aside." *Steinert* v. *Whitcomb*, 84 Conn. 262, 263, 79 Atl. 675.

The memorandum of the trial judge in setting aside the verdict indicates that the judge exercised his discretion under a misapprehension of the evidence.

A long and expensive trial has come to naught. The State as well as the litigant is the loser. This result is to be deplored and should be avoided unless

the case be such that the trial judge acting within his *legal discretion* ought to set aside the verdict. In my opinion there was manifest error in setting aside the verdict.