## P. STERN *vs.* THE MAX RIPPS COMPANY.

Third Judicial District, Bridgeport, October Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

An assignment alleging error in the rulings and instructions as set forth "in the record and bill of exceptions" is not such a specific assignment as the statute (§ 798) requires, since it leaves it uncertain what particular rulings and instructions are to be questioned.

A verdict should not be set aside when it is apparent that there was some evidence upon which the jury might reasonably have reached their conclusion.

The evidence in the present case reviewed, and the action of the trial court, in setting aside the verdict, reversed.

The credibility of witnesses and what inferences should be drawn from circumstances are questions for the jury.

The question whether merchandise was sold to John Doe individually, or to The John Doe Company, is one of fact for the jury.

Argued October 22d—decided December 19th, 1912.

ACTION to recover for goods sold and delivered, brought to the City Court of New Haven and tried to the jury before *Tyner, J.;* verdict for the plaintiff for $193, which the trial court set aside upon motion of the defendant, from which action the plaintiff appealed. *Error; judgment to be rendered on verdict.*

*Carl A. Mears,* for the appellant (plaintiff).

*Benjamin Slade,* for the appellee (defendant).

RORABACK, J. The plaintiff sued upon the common counts, and filed his bill of particulars showing debit items for merchandise sold and delivered to the amount of $181.81. The defendant answered by a general denial.

The plaintiff claimed and offered evidence to prove that the merchandise was sold and delivered to the

defendant, The Max Ripps Company. The defendant offered no evidence, but contended that, from the plaintiff's testimony, it appeared that the property in question was sold and delivered to Max Ripps as an individual and not to the Max Ripps Company.

A verdict was rendered for the plaintiff to recover the amount set forth in his bill of particulars, with interest. Upon motion, that verdict was set aside as against the evidence.

The errors alleged in the reasons of appeal are that the court erred (1) in setting aside the verdict of the jury on the ground that it was against the evidence, and (2) "in the rulings and instructions as they will appear in the record and bill of exceptions."

The second assignment of error leaves it uncertain what the particular errors claimed to have been committed are. Such an assignment does not meet the requirement of the General Statutes, § 798, and the repeated rulings of this court.

The only question properly presented by the appeal is by the first assignment of error, namely, did the court err in setting aside the verdict of the jury.

It is unnecessary to review the former decisions of this court as to the power of the trial court to set aside verdicts, as that has been done in the recent cases of *Cables* v. *Bristol Water Co.*, 86 Conn. 223, 84 Atl. 928, and *Steinert* v. *Whitcomb*, 84 Conn. 262, 263, 79 Atl. 675, where it was held that the verdict "should not be set aside where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion."

A full statement of the testimony would unnecessarily prolong this opinion, and a brief outline will be sufficient. The plaintiff introduced evidence tending to prove these facts: Max Ripps for some time prior to December 1st, 1912, had a place of business at 15 Congress Avenue,

New Haven, Connecticut. He had traded with the plaintiff, whose place of business was in New York City. The certificate of organization of the Max Ripps Company was dated December 1st, 1910, and duly filed December 5th, 1910. In the latter part of November, 1910, Gussie Ripps, a sister of Max Ripps, one of the incorporators of, and a buyer for, the Max Ripps Company, ordered certain goods for the defendant. About a week later Max Ripps re-ordered the goods for the defendant, and upon his order the goods were shipped. Prior to this purchase the plaintiff heard of the company, and knew that Max Ripps was a bankrupt. The goods were delivered in two shipments made in December, 1910, and were afterward seen in the store of the defendant company. The defendant offered no evidence to contradict the testimony of the plaintiff, but relied upon apparent inconsistencies in the plaintiff's evidence to sustain its contention that the goods were sold and delivered to Max Ripps individually. The merchandise was charged upon the books of the plaintiff to Max Ripps, and so marked and shipped. The plaintiff stated that this mistake was made by his bookkeeper, who was uninformed as to the change in Max Ripps' business; that this bookkeeper had been keeping an account upon his book, then unsettled, with Max Ripps; that when the plaintiff discovered that these entries were made against Max Ripps he made a lead pencil memorandum on his books showing that they were charged against "The Max Ripps Company."

If the jury believed the plaintiff's evidence, the defendant was liable. The credibility of the witnesses and the inferences to be drawn from circumstances are questions for the jury. These views have been so often reiterated by this court that it is unnecessary to cite authorities to sustain them. It was for the

jury to say whether these goods were sold to the defendant or to Max Ripps individually. The jury found for the plaintiff. Whether or not the contract for the purchase of the goods was made a few days before the Max Ripps Company was organized, is not the only important question at this time. The evidence shows that the jury could have fairly found that the Max Ripps Company received the goods and reaped the benefit from the transaction in which the plaintiff sold and parted with his property.

After carefully reviewing the evidence, we have reached the conclusion that there was evidence from which the jury might have reasonably reached the conclusion represented by their verdict.

There is error, and the order of the court setting aside the verdict is reversed, and the cause remanded with direction that judgment be rendered upon the verdict.

In this opinion the other judges concurred.