JOSEPH DRIPPS ET AL. *vs.* MARGARET M. DRIPPS
MEADER.

First Judicial District, Hartford, March Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, JS.

One whose mind and memory are sound enough to enable him to know
and understand the business in which he is engaged when he
executes the paper purporting to be his will, possess "testamen-
tary capacity."

Old age, deafness, enfeebled physical powers, failing memory, occa-
sional reticence with callers, and a lessened ability to recognize
faces and recall the names of acquaintances, are not necessarily
indicative of testamentary incapacity; and if this comprises all
the evidence offered to show the mental incapacity of a testatrix,
this court will not feel justified in reversing the action of the trial
court in setting aside a verdict for the contestants and against
the validity of the will.

The judgment of a trial court in setting aside a verdict as against the
evidence is entitled to considerable weight when its action in so
doing is challenged in this court.

Argued March 3d—decided April 17th, 1920.

APPEAL from an order and decree of the Court of
Probate for the District of Middletown approving and
admitting to probate a certain written instrument as
the last will of Mary Ann Dripps of Middletown, de-
ceased, taken to the Superior Court in Middlesex
County and tried to the jury before *Burpee, J.;* ver-
dict for the plaintiffs and against the validity of the
will, which the trial court set aside as against the
evidence, and from this decision the plaintiffs appealed.
*No error.*

*Ernest A. Inglis,* for the appellants (plaintiffs).

*Bertrand E. Spencer,* for the appellee (defendant).

PER CURIAM. The contestants' sole reliance is upon their evidence offered in support of their reason of appeal that the testatrix was, at the time she executed the writing propounded as her last will and testament, mentally incapable of making a valid will. That evidence consisted almost entirely of the testimony of witnesses tending to show that at the time the paper was executed she was approaching her eighty-sixth birthday, that her physical powers had become enfeebled in that she was somewhat crippled from rheumatism, afflicted with deafness and bodily weak, that her memory had for several years been failing, that her ability to recognize faces and recall the names of her acquaintances had become markedly lessened, and that she upon occasions refrained from engaging in conversation with those who called upon her. All these things the jury reasonably might have found to be established, but they are not necessarily indicative of testamentary incapacity. One possesses testamentary capacity whose mind and memory are sound enough to enable him to know and understand the business in which he is engaged when he executes the paper purporting to be his will. *Nichols* v. *Wentz,* 78 Conn. 429, 435, 62 Atl. 610. "Mere physical weakness or disease, old age, eccentricities, blunted perceptions, weakening judgment, failing memory or mind, are not necessarily inconsistent with testamentary capacity. One's memory may be failing and yet his mind not be unsound. One's mental powers may be weakening, and still sufficient testamentary capacity remain to make a will." *Richmond's Appeal,* 59 Conn. 226, 245, 22 Atl. 82.

No witness ventured the opinion that the testatrix did not have sufficient intelligence and memory to rationally comprehend the nature and condition of her property, who were or should be the natural objects

of her bounty and her relations to them, and the manner in which she wished to distribute her estate among or withhold it from them, and the scope and bearing of the will she made, or generally that her mind was unsound. *Kimberly's Appeal*, 68 Conn. 428, 449, 36 Atl. 847. No one testified to acts or conduct or characteristics of hers, other than those already indicated, which tended to show mental impairment rendering her incompetent to dispose of her property by will. Testimony furnishing a satisfactory basis for an estimate of the extent to which the impairment of her mental powers had progressed, or the point that it had reached, was altogether lacking. Witnesses did say that she was abnormal, but what they understood by that characterization, or in what respects they considered her abnormal, or how she evinced abnormality, they did not explain or illustrate by acts or conduct of hers.

Being mindful of the weight that should be given to the judgment and action of a trial judge who sets aside a verdict of a jury, and giving to the contestants' testimony its face value, we do not feel that we should be justified in holding that the judge in the present instance erred in his conclusion upon the evidence that the verdict did not have reasonable support in it. *Loomis* v. *Perkins*, 70 Conn. 444, 447, 39 Atl. 797.

There is no error.

In this opinion the other judges concurred.