## EMMA STEWART *vs.* MASSACHUSETTS ACCIDENT COMPANY.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

In an action on a policy of accident insurance taken out by the plaintiff's husband in her favor, it appeared that in his application for insurance he gave his occupation as that of an oyster opener, that this is a seasonal occupation lasting from September to April, that when the season closed in April he obtained work as a laborer to support himself until the season for oyster opening should come again, and that he died about two weeks later while so employed. Under the terms of the policy the occupation of laborer was classified as more hazardous than that of oyster opener, and the indemnity payable in the case of the death of a laborer was less than that payable for the death of an oyster opener. *Held* that a judgment on a verdict for the plaintiff for the sum payable in the event of the insured's death as an oyster opener was erroneous, since the occupation in which the insured was in fact engaged at the time of his death was the one which determined the amount due under the policy.

Argued April 20th—decided August 4th, 1921.

ACTION to recover the amount of a policy of insurance against death by accident, brought by the beneficiary of the decedent to the City Court of Norwalk and tried

to the jury before *Vosburgh, J.;* verdict and judgment for the plaintiff for $350, and appeal by the defendant. *Error and new trial ordered.*

*Robert H. Gould*, with whom was *Cramer C. Hegeman*, for the appellant (defendant).

*William F. Tammany*, with whom, on the brief, was *Paul R. Connery*, for the appellee (plaintiff).

GAGER, J. John Stewart, the plaintiff's deceased husband, at the time of his death, carried an accident policy in the defendant company entitling the plaintiff, in case of his death within the conditions of the policy, to $350. In his application he gave his occupation as that of an oyster opener, and was insured as such. This occupation was classed in the policy as "medium." In the trial to the jury it appears from the evidence of the plaintiff and her witnesses, and is undisputed, that at the time of his death the deceased was working as a laborer in the government service in the shipping plant at Wilson Point, and was engaged in loading flats with timber. He was in the regular employment of the government and had been working about two weeks at the time of his death. The occupation of oyster opener is, in this climate at least, a seasonal occupation, ordinarily beginning in September and lasting until the latter part of April. Occasionally it is shorter. The deceased worked regularly at this occupation during the season, but when the season closed, which was some time in April before his death, he supported himself by other work as a laborer until the season for oyster opening should come again in September. He did not, in the sense of giving up permanently, change or abandon his occupation of oyster opener during the proper season of the year. The work at Wilson Point was a distinct

Stewart v. Massachusetts Accident Co.

occupation, and no way incidental to or connected with what he gave as his regular occupation. The policy under which he was insured contained the following provision: "This policy includes the endorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured or contracts sickness after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence, or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate but within the limits so fixed by the company for such more hazardous occupation."

The defendant company offered two defenses; one was settlement with the defendant. This was denied, and was one of the questions before the jury. It is not claimed that this was not a question of fact which should be decided by the jury, and no point is made as to that defense. The other defense was that the deceased, at the time of the accident, had changed his occupation, without notice to the company, to a more hazardous one, in violation of the provision of the policy. It was also in evidence on the part of the defendant, and without question as to the fact, that the occupation of laborer is more hazardous than the occupation classed as oyster opener, and that under the terms of the policy the indemnity payable in the case of the death of a laborer was only $100, while the indemnity for the death of an oyster opener was $350. The defendant claimed that the deceased, upon these facts, was not engaged as an oyster opener, or in ordinary

duties about his residence, or engaged in recreation, but was in fact engaged in a more hazardous occupation than that under and upon which the plaintiff based her claim. The specific language of the policy relied on is that he had changed his occupation to one classified by the company as more hazardous, and that he was doing an act or thing pertaining to an occupation so classified.

The claim of the plaintiff is based upon the theory that, because the deceased never gave up the business of oyster opener, he remained entitled to be considered as such, although he died as the result of an accident received while employed in a more dangerous occupation. The fallacy in the plaintiff's claim lies in not recognizing that a man may have and work at different occupations at different times without permanently relinquishing any one of them. Upon the statement of fact here, unquestioned as we have seen, it was the duty of the court to have instructed the jury that the facts disclose that the deceased was working at an occupation classified as more dangerous, without informing the company. Where the amount of insurance, and the rates, depend upon the kind of work one is engaged in, the rights of the claimant are based upon the actual facts as to what the person was doing, what his occupation was at the time that he was injured, and not upon whether he, when the season came around, intended to resume some other and more favored occupation which from its seasonal character he has been forced to relinquish for a part of the year. The policy does not provide for or recognize temporary changes, but calls for the occupation in fact. And here the plaintiff's evidence shows without question that the deceased in fact was regularly employed as a laborer at the time of his death, and that his occupation was then that of a laborer, and, by the terms of the policy, the rights of the claimant became

limited to the indemnity payable for the occupation in which the deceased was engaged. There was nothing properly to leave to the jury upon the unquestioned fact and under the terms of the policy. On the facts, it was therefore the duty of the court, upon motion, to set aside the verdict as unwarranted and due doubtless to misconception as to what change in occupation meant. *Fell* v. *Hancock Mutual Life Ins. Co.*, 76 Conn. 494, 57 Atl. 175. The clause found in the policies of different companies, corresponding to the clause quoted above from the policy of the defendant company, varies in form and legal effect. The effect of such clauses is fully commented upon and the authorities shown, in the note to *Taylor* v. *Illinois Commercial Men's Asso.*, 24 L. R. A. (N. S.) 1174 (84 Neb. 799, 122 N. W. 41), and the more elaborate note to *Gotfredson* v. *German Commercial Acc. Co.*, L. R. A. 1915 D, 312 (134 C. C. A. 310, 218 Fed. Rep. 582).

The reasons of appeal allege certain errors in the charge to the jury, the most important of which are sufficiently covered in the view we take of the case, and ought not to arise in case of a new trial.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.