PETER FURLANI *vs.* JOHN AVERY ET AL.

First Judicial District, Hartford, October Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

334

Argued October 14th—decided November 17th, 1930.

*S. Polk Waskowitz* and *Edward S. Pomeranz,* for the appellant (plaintiff).

*DeLancey S. Pelgrift,* for the appellees (defendants).

HAINES, J. The rights of the parties were fixed by a voluntary agreement filed with the compensation commissioner and approved by him March 3d, 1926, by the terms of which compensation was to be paid to the plaintiff during total incapacity on account of a "severe pain in back from lifting," at the rate of $15 per week, and this was paid to March 12th, 1927. In the meantime an informal hearing was held by the commissioner November 2d, 1926, because of the complaints of the plaintiff, and the defendants then agreed to further hospitalization in an endeavor to discover what was disabling him. On March 21st, 1927, another hearing was held and the commissioner found that the plaintiff had been attended by orthopedic surgeons; Dr. Cook in May, 1926, using X-ray pictures, finding nothing wrong with the back and no trace of

injury, while Dr. Swett was of the opinion that there was perhaps some arthritis in the back. At the request of Dr. Cook, further X-rays were taken but they were again negative. After hearing all the evidence, the commissioner found the plaintiff was no longer disabled and should go to work, and that he had been paid all that he was entitled to receive under the agreement. On May 15th, 1929, the commissioner for the third district, acting in the first, held another hearing on the plaintiff's claim that his incapacity had increased, but found the allegation not proven and dismissed the application. The final hearing was held by the commissioner of the second district, acting in the first, on November 8th, 1929, upon a further petition for modification of the award of March 21st, 1927, who held that changed conditions of fact, justifying him in reopening the award, had not arisen. On April 23d, 1930, the commissioner, in ruling on a motion to correct the decision, stated that the condition of the plaintiff was not shown at the hearing of November 8th, 1929, to be causally connected with the original injury. The matter then went by appeal to the Superior Court, *Foster, J.*, who held that the commissioner's decision rested entirely upon a question of fact found upon conflicting evidence and that there was evidence which reasonably supported the finding, a correction of which was denied to the plaintiff. Judgment was entered dismissing the appeal and the plaintiff appeals to this court.

The ultimate question, to which all the reasons of appeal now before us are directed, is whether the incapacity of the plaintiff had increased, or whether changed conditions of fact had arisen after the award of March 21st, 1927, which called for a reopening and modification of that award.

Touching the claims for correction of the findings of fact in that award, the plaintiff and the defendant both

procured the certification of certain medical testimony given at the hearing. We proceed upon the legitimate assumption that all the evidence upon the question was thus before the Superior Court and is now before us on this appeal.

A modification of the award was sought under the terms of General Statutes (Rev. 1918) § 5355, which provided that all awards or voluntary agreements under the Compensation Act shall be subject to modification whenever it shall appear to the commissioner, after due notice and hearing had at the request of either party, that the incapacity of the injured employee has increased, decreased or ceased, or that changed conditions of fact have arisen which necessitate such modification in order to carry out the spirit of the Act, and for that purpose the commissioner retains jurisdiction over awards and agreements during the whole compensation period.

We have said of the procedure under this statute that whether the particular facts brought to the commissioner's attention justify him in exercising his power of modification, must rest largely in his discretion. *Morisi* v. *Ansonia Mfg. Co.,* 108 Conn. 31, 36, 37, 142 Atl. 393. But this discretion must be a reasonable, that is, a legal discretion. *McKone* v. *Schott,* 82 Conn. 70, 71, 72 Atl. 570; *Loomis* v. *Perkins,* 70 Conn. 444, 446, 39 Atl. 797. If the trial court was correct that the decision of the commissioner was reached upon conflicting evidence and that the plaintiff was not entitled to a correction of the finding, then there was no error, otherwise the judgment of the trial court was erroneous. If the plaintiff's claims as to the finding are valid, it could not be held that the discretion of the commissioner was reasonably and legally exercised, and he should be given relief in accord with the spirit and purpose of the Act. Counsel on both sides are in sub-

stantial accord that the question presented to us is whether the condition of the plaintiff, at the time of the last award, had causal connection with the original injury and whether the condition at the time of the award had changed at the time of the commissioner's refusal to modify it. Claiming that this was established by the new and undisputed evidence, the plaintiff contended and now contends that the findings of fact should be changed. The only medical testimony at the hearing in question is that of Dr. McPherson, an associate of Dr. Swett, who testified that when the plaintiff was examined January 18th, 1929, X-ray photographs were again taken by Drs. Heublein and Roberts, and showed "that the previously existing process had gradually progressed so that one was able to make a positive diagnosis of the type of the lesion, and to us it is known as a Marie Strumpel type of arthritis, and what is commonly known as a poker back." Asked to compare the plaintiff's condition at the time to the condition in May, 1927, he stated: "The process had gradually progressed in his back toward what will be a final result, that is, a gradual calcification of certain of the ligaments through his spine, which will result in the stiffening of the involved region in his back, and when that stiffening is complete his back will become painless. It takes years for that process to occur. . . . He will have pain until the process is completely quiescent, until stiffening is complete throughout the involved joints." Asked whether that condition had manifested itself in 1927, he testified: "It had not reached the point where one could be certain about the type. In 1927 I felt that the changes were those that went with the so-called hypertrophic arthritis. In 1929 we saw a further state of the process, a more complete calcification of the ligaments which makes the diagnosis positive. . . . It clears up the question of

diagnosis." The doctor was further asked whether this condition in 1929 above described was "part and parcel" of the early condition. His reply was: "I believe it has been a gradual progressive thing, having seen him at these intervals. I believe it has been a gradually progressive thing, beginning at the onset of the thing, which has gradually progressed."

The cross-examination which followed does not contain anything contradictory or in essential conflict with the views expressed on the direct examination. It was developed that arthritis may be caused by any source of infection. Of this, in the present case, the doctor said: "There is a possibility." The testimony of Dr. McPherson was not contradicted and no medical evidence was produced by the defendant. It reflects, therefore, the unmistakable view of an orthopedic surgeon having the benefit of X-ray photographs, that the original injury has produced a condition in the plaintiff's back, progressive in character, and that its result is a present inability to work. It is obvious from the testimony that no source of disability other than the original injury was shown, and the conclusion of the doctor was that the source of the present condition was in fact the original injury. To attribute it to anything else would be merely to speculate and guess upon a possibility only.

Under these circumstances there should be added to the finding as requested by the plaintiff: "3A. From March, 1927, to January 18, 1929, the plaintiff's back condition has grown gradually and progressively worse . . . and it was found on the last mentioned date that the claimant was suffering from a Marie Strumpel type of arthritis, commonly known as a poker back, which diagnosis could not be made in March, 1927."

The evidence further establishes the following facts, which we add to the finding: "3B. In May, 1929, and

June, 1929, the claimant made several sincere attempts to work, but could not do so on account of the condition of his back."

The evidence of Dr. McPherson also shows, without contradiction, that upon further examination of the plaintiff he found that "his back presents almost a complete fixation in motion in the lumbar region. Another thing about this man; when I first saw this man he was husky, good color, well looking, healthy looking young man. He now looks sick, his color is poor. He looked to me as though he had lost weight. . . . I don't believe the man is able to do a thing." Under these circumstances, we cannot fairly do otherwise than add the following facts to the finding: "On November 8, 1929, the condition of claimant's back was worse than it was on January 18, 1927, and the claimant is suffering from an almost complete fixation of motion in the lumbar region of his back; his general health and condition is much worse than it was before, and he is physically unable to work."

The corrected finding thus presents a radically different picture, and it results that the trial court was in error in the view that the conclusion of the commissioner was based upon conflicting evidence. Not only do we find no conflict in any of the evidence, but the testimony of Dr. McPherson cannot reasonably be discarded as untrustworthy, and it was error to refuse a correction of the finding. The commissioner's conclusion could not reasonably or logically follow from the subordinate facts which were established by the evidence before him as above outlined, and he exceeded the limits of a legal discretion in refusing to reopen and modify the award.

Because the discretion of a commissioner in a matter of this kind should not lightly be disturbed, we have referred to the evidence somewhat more at length

than would otherwise have been called for. We may add that a study of the entire record leaves no room for reasonable doubt that the original injury was the source of the present disabled condition of the plaintiff —a condition so undeniably established by the medical testimony, that the spirit and purpose of the Compensation Act requires a modification of the award of March 21st, 1927.

There is error, the judgment is set aside and the Superior Court is directed to sustain the appeal and remand the case to the Commissioner to be further proceeded with according to law.

In this opinion the other judges concurred.