[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendants move to set aside verdicts in favor of plaintiffs rendered by a jury after reconsideration and to reinstate the jury's original verdicts for lesser amounts in favor of the plaintiffs.
The facts are as follows: The plaintiffs were passengers in a car heading northerly on Church Street in East Hartford and stopped at a red traffic light. The defendant Henry J. Claros, operating a family car owned by defendant Francisco Claros, collided with the rear of the car in which plaintiffs were passengers. Plaintiff Jackson submitted into evidence the reports of Dr. Steven C. Shifreen and Dr. Steven Weisman to the effect Jackson suffered injuries to his dorso-lumbro-sacral spine for which Dr. Shifreen and Dr. Weisman each assigned a permanent partial disability of 5% attributable to this accident. Jackson's medical specials, including bills for ambulance, ($224.60), St. Francis Hospital emergency room, ($355.74). Dr. Steven Weisman, ($1755), physical therapy ($2005), totaled $4340.34.
Plaintiff Vaughns testified to soft tissue injuries, did not introduce into evidence a doctor's report as to permanent CT Page 3442 partial disability, but submitted bills for ambulance ($224.60), St. Francis Hospital ($2010), emergency room ($335.00), Dr Steven Weisman ($2010) and physical therapy ($2005) totaling $4574.67.
The defendant did not contest liability, did not introduce countervailing medical evidence, but did challenge at the trial the nature and extent of plaintiff's injuries.
The jury originally returned the following plaintiff's verdict:
For plaintiff Jackson
 Economic Damages $755.34 Noneconomic Damages 0 _______ Total $755.34
For Plaintiff Vaughns
 Economic Damages $734.67 Noneconomic Damages 0 _______ Total $734.67
 The trial court refused to accept the verdicts and instructed the jury as follows:
 Ladies and gentleman of the jury, I am not going to accept your verdict. I will ask you to reconsider for the following reasons; you awarded economic damages of an amount less than the amount of the bills which you are entitled to do.
 You awarded no noneconomic damages for pain suffering or disability where there has been an injury which gives rise to medical expenses.
Common sense tells me there is also likely to be some pain and suffering for which compensation for which the plaintiff may be entitled to compensation. And I am going to therefore under that common sense notion that I have, ask you to reconsider your verdict and return you to your deliberations. CT Page 3443
 I am not telling you what to vote or how to vote, I am going to ask you to reconsider your deliberations in light of my comment The comment I just made as to the probability in this case of their being injury which gives rise to some pain and suffering for each of the plaintiffs.
The court supplied the jury with a new verdict form. The defendants' counsel excepted to the above instructions on the grounds the court had not indicated the jury could come back with the same verdict
After reconsideration, the jury came back with the following verdict:
For Plaintiff Jackson
Economic Damages $2485.34
 Noneconomic Damages 2250.00 ________ Total $4735.34
For Plaintiff Vaughns
Economic Damages $2569.67
 Noneconomic Damages 1250.00 ________ Total $3819.67
Before addressing the central issue of this motion, mention should be made of what is not involved. First, the court recognizes the original verdict was valid. The jury awarded economic damages that were less than the medical specials and so had the right to give no noneconomic damages. Childs v. Bainer,235 Conn. 107 (1995).
Second, this court did not set aside the original verdict. This it could do only if "the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption."Fazio v. Brown, 14 Conn. App. 289, 293-4 (1988), rev'd on other grounds, 208 Conn. 808 (1988).
General Statutes § 52-223 permits a trial court to CT Page 3444 return a jury for a second, but no more than a third, reconsideration of its verdict if the judge concludes "the jury has mistaken the evidence in the action and has brought in a verdict contrary to the evidence, or has brought in a verdict contrary to the direction of the court in a matter of law."
This statute has been liberally continued. Legal discretion is left to the trial court to order a jury to reconsider and that action will not be reversed unless "it clearly appears that that discretion has been abused." Cables v. Bristol Water Co.,86 Conn. 223, 235 (1912). Hubert v. New York, N.H. H.R. Co.,90 Conn. 261, 276 (1916).
Nor is the exercise of the court's power under § 52-223
dependent on the verdict being so unreasonable that, if accepted, it would have to be set aside. Cruz v. Drezak, 175 Conn. 230, 242
(1978); Gillette v. Schroeder, 133 Conn. 682, 686 (1947).
Our law recognizes that "[t]he supervision which a presiding judge has over a verdict which may be rendered is an essential part of the jury system. `Trial by jury' in the primary and usual sense of the term at common law and in the American constitutions, is not merely a trial by a jury of twelve men [sic] before an officer vested with authority to cause them to be summoned and impaneled . . . and to enter into judgment and issue execution on their verdict, but it is a trial by a jury of twelve men [sic] in the presence and under the supervision of a judge empowered to instruct them on the law and to advise them on the facts, and (except on an acquittal of a criminal charges) to set aside a verdict, if in his opinion it is against the law or the evidence." Cables v. Bristol Water Co., 86 Conn. 223,224-25 (1912).
Requiring a jury to reconsider a verdict, pursuant to §52-223, "is a salutary and effective method of exercising judicial supervision" over verdicts. Cruz v. Drezak, supra, 242.
Our courts have frequently required a jury to reconsider a verdict because the amount awarded was too small or too large. Thus, in Black v. Griggs, 74 Conn. 582 (1902) the trial court was affirmed when it instructed a jury to reconsider a plaintiff's verdict of $200 in a case which a thirty-five year old plaintiff died as a result of defendant's negligence. The trial court said to the jury, "While the question of damages is for you to determine, . . . . it does seem to the court that CT Page 3445 $200 for the loss of the life of a woman of thirty-five years in good health, is an inadequate award; . . . and while the matter rests within your judgment, I think it is incumbent upon me to ask you to consider the question further, and I submit the case to you for further consideration." id, p. 583-84 The jury returned a verdict of $1,000 which the court accepted.
In Cruz v. Drezak, supra, the jury awarded a plaintiff $35,000. The trial court did not accept the verdict, saying it "is on the high side . . . ", that it did not mean "to take from you your function of bringing in a verdict in the case." and it did not want to tell the jury "what verdict to bring in or how much," and directed them to reconsider the verdict for the plaintiff on "the basis that the court considered the verdict for Hector on the high side." The jury returned a verdict of $20,000, which was accepted, and the trial court was upheld on appeal.
Clearly, a trial court has the right and even the duty to tell the jury why it is asking it to reconsider its verdict Ryanv. Scanlon, 117 Conn. 428, 436 (1933); Cruz v. Drezak, supra, 242.
Some cases have indicated that it was proper for the trial court to point out specifically that the jury, on reconsideration could adhere to its original verdict, Marino v.Wynn, 128 Conn. 53, 56 (1941); Ryan, Scanlon, supra, 436; Cruzv. Drezak, supra 243. However, this court does not read those cases as requiring that instruction, as long as the trial court explains the reason for reconsideration and leaves the jury free to render the verdict it feels proper.
In the instant case, as in Marini v. Wynn, supra, the trial court told the jury that "when there was an injury which gives rise to medical expenses . . . . there is also likely to be some pain and suffering . . . for which the plaintiff is entitled to some compensation." The court further said, "I am not telling you what to vote or how to vote, but I am going to ask you to reconsider your deliberations in light of my comment."
The jury clearly understood the wide choices it had on reconsideration because it not only awarded noneconomic damages to the plaintiffs but also increased its awards of economic damages. CT Page 3446
When a jury verdict is returned and read aloud, a trial court has to make up his/her mind quicky on whether not to accept the verdict. If the judge decides to ask the jury to reconsider, there is no time to look up the law, but the instructions must be given spontaneously. Telling the jury it can adhere to its verdict is not a mantra that is required to be expressed as long as the judge says he is "not telling you what to vote or how to vote."
On balance, the court exercised its discretion appropriately in requesting the jury to reconsider its verdict. It was performing a function of supervising the jury verdict which is recognized as an "essential part of the jury system." Cables v.Bristol Water Co., supra 225.
The motion to set aside the jury's final verdict and reinstate its original verdict is denied.
Robert Satter Judge Trial Referee