[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In the personal injury case in which plaintiff incurred medical bills in excess of $44,000 and loss of earnings in excess of $72,000, and the jury awarded $1,536.27 in economic damages and awarded no non-economic damages, plaintiff moves for an additur.
The facts are as follows: On February 23, 1995 plaintiff, while stopped at a stop light on New Britain Avenue, West Hartford, was struck twice from behind by defendant's large ten ton, eight wheeler truck. At the trial, defendant admitted liability and the only issue presented to the jury was damages.
The defendant's car incurred minor damages, resulting in a repair bill of $1192. She also rented a car for several days at a cost of $245.
As a result of the accident plaintiff suffered injuries to her low back, head, and left shoulder, neck and radiating pain down her left arm. She was treated by a chiropractor, physical therapists, and numerous doctors. The accident triggered memories of her traumatic childhood, when she was raised by a schizophrenic mother and alcoholic father, causing her to fall into a depression for which she saw a psychiatrist for three years. Plaintiffs pain in her neck continued to August 1996 when she saw Dr. William Druckemiller, a neurosurgeon, who took ex-rays and a MRI. He determined she had spurring of her vertebraes at C-5-C-6, a condition called cervical spondylosis, and the accident aggravated that pre-existing condition, causing her continuing pain. On November 21, 1996 he performed an operation called a discetomy on her neck at C-5-C-6. He was assisted by Dr. Gerald Becker, an orthopedic surgeon, who performed a fusion of those two vertebraes. Plaintiff wore a cervical collar for ten weeks. The operation was successful because it relieved her pain.
The bill of Dr. Druckemiller for that operation and the post-operative treatment associated with it amounted to $6505. The bill of Dr. Becker for the operation and post operative care was $6283. The bill of Hartford Hospital was $4232. CT Page 8009
At the time of the accident plaintiff was employed at Travelers Insurance company earning $563 a week. She lost ten weeks of employment as a result of the operation.
Drackemiller awarded her ten per cent permanent partial disability of her neck by reason of the loss of motion attributed to the vertebrae fusion.
Our law recognizes that "[t]he supervision which a presiding judge has over a verdict which may be rendered is an essential part of the jury system. `Trial by jury' in the primary and usual sense of the term at common law and in the American constitutions, is not merely a trial by a jury of twelve men [sic] before an officer vested with authority to cause them to be summoned and impaneled . . . and to enter a judgment and issue execution on their verdict, but it is a trial by a jury of twelve men [sic] in the presence and under the supervision of a judge empowered to instruct them on the law and to advise them on the facts, and (except on an acquittal of a criminal charges) to set aside a verdict, if in his opinion it is against the law or the evidence.'" Cables v. Bristol Water Co., 86 Conn. 223, 224-25
(1912).
The Supreme Court stated in Childs v. Bainer, 235 Conn. 107,113 (1995, that while a court should accept a verdict when the evidence, viewed in the light most favorable to the prevailing side, supports the verdict, "`However, it is the court's duty to set aside the verdict when it finds it does manifest injustice, and is . . . palpably against the evidence. . . .'", quotingMalmberg v. Lopez, 208 Conn. 675 (1988).
The test to be applied in determining whether or not to set aside a verdict is does "the jury's award fall somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption." Hood v. Bridgeport,216 Conn. 604, 611 (1990).
Our law does not require a direct showing of partiality, prejudice, mistake or corruption but if the award shocks the sense of justice, then "the inferred conclusion is that the jury was misguided in reaching its decision." Zarrelli v. BarnumFestival Society, 6 Conn. App. 322, 328 (1986). CT Page 8010
In this case, much of the evidence relating to plaintiffs medical bills, totaling over $44,500, and loss of earnings, totaling over $72,000, were based on subjective complaints and emotional and psychological overlay which the jury could reasonably believe were not caused by the accident.
However, Dr. Druckemiller, a neurosurgeon clearly testified that with reasonable medical probability plaintiffs continued pain in her neck was caused by the accident of February 23, 1995. For the jury to ignore that uncontradicted evidence, in this court's opinion, was a "manifest injustice" and so shocked "the sense of justice as to compel the conclusion that the jury was influenced . . . by mistake. . . ." Wood v. Bridgeport, supra.
Consequently, additional economic damages should be awarded as follows: the medical bills of Dr. Druckemiller in the amount of $6505, of Dr. Becker in the amount of $6283, the hospital bill of Hartford Hospital in the amount of $4232, and plaintiffs loss of earnings for ten weeks at $563 a week, in the amount of $5630, totaling in all $22,650.
While as a matter of law a jury verdict that awards less than medical specials and noneconomic damages may be upheld, Childs v.Bainer, supra. here the court finds the jury verdict was manifestly unjust and against the uncontradicted evidence in denying the plaintiff economic damages for the neck surgery and loss of earnings connected with it. From this premise it follows justice requires plaintiff be awarded noneconomic damages, for pain and suffering attributed to her neck condition and for ten percent permanent partial disability of her neck resulting from the fusion, in the amount of $40,000.
Accordingly, the court orders an additur to the jury verdict of $62,650. Unless the defendant agrees to pay this addition, the jury verdict is set aside and a new trial ordered.
Robert Satter State Judge Referee