EBENEZER BURR ET AL. *vs.* WILLIAM H. HARTY ET AL.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In granting or refusing a new trial for a verdict against evidence this court is necessarily confined to the printed testimony. Unlike the trial court, it cannot draw inferences from the appearance of wit-

nesses, their manner of testifying, and other conditions of the trial, and therefore the decision of the trial judge upon this question is entitled to consideration and weight in the deliberations of this court.

Accordingly, unless the manifest injustice of the verdict and utter want of reasonable ground for the jury's action clearly appear from the printed evidence, this court cannot affirm that there was error in the refusal of the trial judge to grant a new trial.

The supervision which a trial judge has over the verdict is an essential part of our jury system.

Argued June 3d—decided July 18th, 1902.

ACTION by the indorsers against the makers to recover the amount of a note for $3,500, brought to the ·Superior Court in Fairfield County and tried to the jury before *Robinson, J.;* verdict and judgment for the defendants, and appeal by the plaintiffs for alleged error of the court in refusing to set aside the verdict as against the evidence in the cause.    *No error.*

The case is sufficiently stated in the opinion.

*John C. Chamberlain,* for the appellants (plaintiffs).

*Robert E. DeForest,* with whom was *Alfred B. Beers,* for the appellees (defendants).

HAMERSLEY, J.    This action is brought by the plaintiffs as indorsees of the payee of a promissory note dated February 9th, 1900, and payable to the order of one Charles B. Marsh, against the defendants as makers.    The note was secured by a mortgage on land, and appeared on its face to be a mortgage note.    The defense is payment to said Marsh while he· was owner of the note.    It is conceded that payment was made to Marsh on˙ May 31st, 1900, who then released the mortgage to the defendants, vesting in them a clear title to the land mortgaged, and shortly after gave them a receipt for the payment made.    The plaintiffs claim that at the time of this payment they, and not Marsh, were owners of the note; that on the preceding April 20th, Marsh indorsed the note to them, and on that day executed and delivered a deed assigning to them the note and mortgage, which deed was

Burr et al. *v.* Harty et al.

recorded on the following November 28th; that from and after April 20th the note and assignment were in their possession as collateral security for a six days' note of Marsh, discounted by them on April 20th, and renewals of that note at intervals of a few days or weeks until December 5th, 1900, when the last renewal was made, being a one-month note reciting the deposit of the note in suit as collateral security, and the only note offered in evidence to show consideration for their purchase of the note in suit. The defendants claim that the note was not negotiated to the plaintiffs until after May 31st, and that the deed of assignment was not executed and delivered until about the time of its record. The plaintiffs further claim that, assuming the note was not negotiated to them until after May 31st, the defendants were negligent in making payment without securing the cancellation or surrender of the note, and that notwithstanding the payment the plaintiffs are holders in due course. The jury found the issues of fact presented by the plea of payment, the denial that the plaintiffs were holders in due course, and these conflicting claims, in favor of the defendants. After verdict the plaintiffs moved for a new trial, on the ground that the verdict was against evidence, and the denial of this motion by the trial-court is the only error assigned in the appeal.

The power of granting new trials for this cause is vested in the trial courts. The supervision which a judge has over the verdict is an essential part of the jury system. A court has some discretion in the matter of a new trial, but it is a. legal discretion. It should not set aside a verdict where it. is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption, or partiality. *Bissell* v. *Dickerson*, 64 Conn. 61; *Loomis* v. *Perkins*, 70 id. 444, 447; *Howe* v. *Raymond*, 74 id. 68, 71.

When this matter comes before us upon proceedings in

Burr et al. *v.* Harty et al.

error, the question is substantially that presented to the trial court, but with this limitation : the trial court has seen and heard the witnesses and all the transactions of the trial that may properly influence the triers in reaching their conclusions from the evidence, and is bound to consider this judicial knowledge in drawing its inference that the verdict is or is not manifestly against evidence.  We can consider only the printed testimony, and in considering that must make allowance for the absence of those facts which were before the trial court.  Hence we cannot affirm error in the denial of a new trial, unless the manifest injustice of the verdict and utter want of reasonable ground on which the jury might have acted clearly appears from the printed evidence, notwithstanding the proper inferences they might have drawn from the appearance of witnesses and other conditions not disclosed by that evidence.  And so the decision of the trial court is entitled to weight in reaching our conclusion.  *Johnson* v. *Norton*, 64 Conn. 134, 135 ; *Brooks' Appeal*, 68 id. 294, 297 ; *Loomis* v. *Perkins*, 70 id. 444, 447.

This case is governed by these settled principles.  It is manifest, upon a careful examination of the evidence reported, that the jury, in the rightful exercise of their power to pass upon the credit of witnesses, to weigh conflicting evidence, and to draw inferences of fact from other facts, as well as from all the circumstances appearing from the testimony, might fairly and reasonably reach the conclusion that the defendants paid the note in suit as claimed by them, and that the plaintiffs did not acquire the note in good faith and within a reasonable time after the date of its issue.

Upon finding these facts they were bound to return a verdict for the defendants.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.