FELIX STUMM vs. FRANK GOETZ.

First Judicial District, Hartford, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and GAGER, Js.

The plaintiff sought to recover for money loaned and for a small balance due for work and labor in the defendant's bakery. Payment was pleaded in defense, and the determination of the issue thus raised depended mainly upon whether the agreed rate of the plaintiff's wages was $20 a week, as contended by him, or $15 per week, as the defendant insisted. Evidence was introduced by each party, without objection, in respect to the nature of the plaintiff's work and duties, and his relative position among the other employees. *Held* that under these circumstances it was not error for the trial court to allow the defendant to be asked on his cross-examination how much he paid the foreman of his cracker-baking department, although the latter occupied a position which the defendant had testified was more important than that filled by the plaintiff.

An inference from a conceded fact in the case cannot be treated as necessarily requiring a verdict in accordance therewith, if such

inference depends in part upon other facts which are the subject of conflicting testimony and which the jury, in the rightful exercise of their province of passing upon the credit of witnesses, may find proven or not.

Argued October 2d—decided October 24th, 1906.

ACTION upon a promissory note, and also for wages due, brought to the Superior Court in Hartford County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff for $1,114, and appeal by the defendant. *No error.*

The complaint states two causes of action in separate counts: first, an indebtedness of $1,000 due upon the defendant's promissory note to the plaintiff for that amount, dated April 15th, 1899, payable on demand, and now owned by the plaintiff, together with interest upon said note from January 1st, 1904; second, an indebtedness for work and labor performed by the plaintiff, for the defendant, from January 9th, 1902, to January 18th, 1902, at $20 a week.

The answer to the first count admits the receipt from the plaintiff of $1,000, and the execution and delivery of a note for that amount, as alleged in the complaint; and alleges that the defendant has fully paid the plaintiff all money due thereon.

The answer to the second count admits the performance of work and labor by the plaintiff between the dates specified, as alleged; and alleges that said work and labor was in accordance with an express contract and at the agreed price of $15 per week, and further alleges payment in full for all said work and labor.

The reply denies specifically the allegations of new matter contained in the answer.

Upon the issues raised by these pleadings the case was tried to the jury, who returned a verdict for the plaintiff to recover $1,114.16 damages.

The defendant moved for a new trial on the ground that the verdict was against the evidence, which motion was denied by the court.

The defendant appealed to this court, assigning, as the only reason of appeal, error in denying the motion for a new trial; subsequently, by an amendment to the appeal, error was also assigned in the admission of one question asked of the defendant upon his cross-examination.

*Marcus H. Holcomb* and *Herbert O. Bowers*, for the appellant (defendant).

*Edward M. Day*, for the appellee (plaintiff).

HAMERSLEY, J. We think the admission of the question to which exception was taken is not ground for a new trial. The important issue to the parties was that of the defendant's alleged payment of the note. This issue the jury found for the plaintiff, and the amount of the verdict indicates that they also found a few dollars due under the second count, for the nine days' work in January, 1902. Upon the trial the plaintiff produced in court the note sued upon, and testified that the defendant had paid interest up to January 1st, 1904, but had not paid interest accruing since that date, and had paid no part of the principal. The defendant, in support of his defense of payment of the note, testified that certain payments of money, made by him to the plaintiff between the summer of 1902 and some months prior to the commencement of this action, included a payment on August 11th, 1903, of $1,000 in satisfaction of the note sued upon, and that at the time of payment he had forgotten that he ever gave the plaintiff a note for the money borrowed, and so neglected to take said note back from the plaintiff.

The plaintiff testified that the $1,000 paid him on August 11th was a part of the sum of $1,200 paid him on that day to be applied in payment of unpaid wages for work from October, 1898, to January, 1902, and that the note then and afterward remained unpaid, and was so recognized by the defendant and interest thereon paid by him. Each testified (as tending to support his statement as to the pay-

ment of the note) that there was a meeting of the parties on January 18th, 1902, at which meeting the amount due the plaintiff for unpaid wages the past four years, and the amount due him for articles and bills which he had bought and paid on defendant's account, were discussed. The plaintiff testified that at this meeting it was agreed between them that the plaintiff was entitled to wages at the rate of $20 a week and board since October, 1898, and that the unpaid wages amounted to about $1,400. The defendant testified that at this meeting the wages were figured at the rate of $15 a week, and that the unpaid wages amounted to about $150. In this way the fact of the rate per week of wages, to which the plaintiff was entitled since 1898, became material and an important fact relevant to the main issue of the payment of the note.

It was testified and conceded that the plaintiff had been in the defendant's employ as a foreman bread baker since about 1894 until January, 1902; and that during the last seven or eight years of his employment the plaintiff had not been paid wages weekly, but at irregular intervals and in sums not corresponding to the amounts actually due, and that during all that time the defendant was indebted to the plaintiff for unpaid wages. Evidence was introduced by both parties as to the nature of the plaintiff's work, of the duties that he performed, and of his relative position among the other employees. Such facts were to some extent relevant to the relative credibility of the stories told by the plaintiff and defendant, and within reasonable limits, and subject to some discretion in the trial judge, were admissible; they were admitted without objection. In this state of the evidence the defendant upon his cross-examination was questioned as follows :—

" *Q.* He [meaning the plaintiff] held the most important job of anybody there? *A.* He did not. *Q.* Who did? *A.* I did. *Q.* But outside of you who did? *A.* The cracker-baker foreman. *Q.* How much did you pay him ? " The question, " How much did you pay him," was admitted by the court against the objection of the defendant. The

witness answered, " I pay the cracker-baker foreman $20 a week without board ; he had charge of seventy-five hands. . . . Mr. Stumm was the next highest paid man." And on his redirect examination the witness stated that Mr. Stumm had his board in addition to the cash paid him.

We cannot say, in view of all the circumstances disclosed by the record, that the court erred in admitting this question upon cross-examination of the defendant. It was in the line of facts showing the nature of the plaintiff's duties, their importance in relation to the duties of other employees in the defendant's business, and the value of the plaintiff's services, which both parties had adduced in support of the relative probability of their respective statements ; it might have elicited an answer directly affecting the credit of the defendant's previous statements, instead of one which was apparently immaterial if not favorable to him.

The fact that the question would be strictly inadmissible in a separate trial of the issues under the second count for the recovery of the wages due for nine days' work in January, 1902, if true, as claimed by the defendant, does not render illegal its admission, for the purposes and under the circumstances disclosed by the record, in the trial of the issues under both counts.

There is no merit in the claim that the trial court erred in denying the defendant's motion to set aside the verdict and order a new trial. An examination of the evidence reported plainly shows that there was evidence before the jury which, if believed by them, justified their verdict. The defendant claims that there was also evidence consisting of figures admittedly made by the plaintiff upon exhibits produced in evidence, and that the necessary logical inference from the fact that the plaintiff made these figures, in connection with other facts in the case, rendered it legally impossible for a jury, unless controlled by prejudice, corruption or partiality, to believe the evidence upon which the verdict was based.

The conclusiveness of the inference thus urged by the

defendant must depend in part upon other facts in the case which were the subject of conflicting testimony, and which the jury, in the rightful exercise of their province of passing upon the credit of witnesses, might have found proved or not proved; and so it was held by the trial court in denying the motion to set aside the verdict. Error cannot be affirmed in such a decision of the trial court. *Burr* v. *Harty*, 75 Conn. 127, 52 Atl. 724, and cases there cited.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.