## LORETO ROMA vs. THE THAMES RIVER SPECIALTIES COMPANY.

Second Judicial District, Norwich, October Term, 1915.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The refusal of the trial court to direct a verdict for the defendant does not preclude it from afterward setting aside a verdict for the plaintiff.

It is the duty of the trial court to set aside a verdict if it is so manifestly unjust as to warrant the suspicion that the jury, or some of its members, were influenced by prejudice, corruption or partiality; and this is true notwithstanding there may be conflicting testimony with some direct evidence in favor of the party who prevailed with the jury.

The action of a jury in passing upon the credibility of witnesses and in the weighing of conflicting testimony may be as unreasonable and as suggestive of improper influences as its action in the consideration and determination of any other important feature of the case.

In passing upon a motion to set aside a verdict as against the evidence, the trial court exercises a legal discretion, and its action will not be disturbed by this court upon appeal unless it clearly appears that such discretion was abused. The opinion of the trial court is entitled to great weight, and every reasonable presumption should be made in favor of its correctness.

A review of the circumstances in the present case *held* to disclose a manifest injustice in the verdict for the plaintiff.

Argued October 20th—decided December 17th, 1915.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New London County and tried to the jury before *Greene, J.;* the jury returned a verdict in favor of the plaintiff for $5,000, which the trial court set aside upon motion of the defendant, and from this action the plaintiff appealed. *No error.*

The plaintiff was employed in a paper-mill operated by a tenant of the defendant, and situated in the third story of the defendant's factory building. The tenant also had storage facilities in the basement. In the building was a freight elevator communicating with the several floors and basement. This elevator was operated and controlled by the defendant, and used by the tenant and its employees in the course of its business. The plaintiff, while working for the tenant, was injured in riding up on the elevator by having his legs crushed between its platform and the floor of the third story. The manner in which the accident occurred and the direct cause of it were in dispute.

*Charles W. Comstock* and *Lee R. Robbins*, for the appellant (plaintiff).

*Christopher L. Avery*, for the appellee (defendant).

PRENTICE, C. J. The court, having refused to direct a verdict for the defendant, set aside one which the jury returned in favor of the plaintiff. There was nothing irregular or improper in this. *Cook* v. *Morris*, 66 Conn. 196, 211, 33 Atl. 994.

It was the court's duty to set aside the verdict if its manifest injustice was so plain and palpable as to justify the suspicion that the jury or some of its members were influenced by prejudice, corruption or partiality.

*Fell* v. *Hancock Mutual Life Ins. Co.*, 76 Conn. 494, 496, 57 Atl. 175; *Burr* v. *Harty*, 75 Conn. 127, 129, 52 Atl. 724. And this is true even if the evidence was conflicting, and there was direct evidence in favor of the plaintiff, who prevailed with the jury. *Bradbury* v. *South Norwalk*, 80 Conn. 298, 300, 68 Atl. 321; *Cook* v. *Morris*, 66 Conn. 196, 211, 33 Atl. 994; *Kinne* v. *Kinne*, 9 Conn. 102, 106. Clearly the action of a jury may be as unreasonable, and as suggestive of being produced by improper influences, in passing upon the credibility of witnesses and in the weighing of conflicting testimony, as in any other respect. It is one of the duties of a judge, in the due performance of his part in jury trials, to see to it that such influences, apparently operating upon the jury, do not prevail, and manifest injustice thereby be done.

The trial judge, in setting aside the verdict, was acting in the exercise of a legal discretion, and his action is not to be disturbed by us unless it clearly appears that the discretion was abused; and in passing upon the question of abuse great weight should be given to his opinion, and every presumption made in favor of its correctness. *Cables* v. *Bristol Water Co.*, 86 Conn. 223, 224, 84 Atl. 928; *Loomis* v. *Perkins*, 70 Conn. 444, 446, 39 Atl. 797.

In this case there is no need of invoking the last-named principle to justify us in sustaining the action taken by the trial judge. An examination of the evidence clearly discloses that he would have failed in his duty had he permitted judgment to be entered upon the verdict. In the vital matter of the manner in which the plaintiff's injuries were received, his case rested solely upon his own testimony, uncorroborated in any way, save in a remote particular of little importance and tending to establish nothing more than the probability that an accident such as it was claimed had

happened might happen. Against his story as told to the jury, it appeared that in a former trial he had given under oath an account of the affair radically different from it, and so utterly irreconcilable with it that a comparison of the two indicated clearly the presence of perjury in one or both of them, that evidence of eye-witnesses, apparently disinterested, contradicted him, and that the laws of mechanics, as testified to and uncontradicted, tended to prove his story impossible. Under such circumstances it could not have reasonably been found that the plaintiff was hurt in the manner he claimed. The injustice of the verdict was so manifest that it was apparent that it was dictated by some improper influence, very likely sympathy for the plaintiff on account of his serious injuries, and not by a weighing of the evidence.

There is no error.

In this opinion the other judges concurred.