[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Plaintiff's Motion to Set Aside VerdictDated August 20, 1996 and Plaintiff's Request to SupplementMotion to Set Aside Verdict Dated September 3, 1996.
I. Background.
On August 10, 1996, a jury returned a defendant's verdict in this case, which was accepted by the Court.
On August 21, 1996, the plaintiff filed a Motion to Set Aside the Verdict, claiming that the verdict was against the overwhelming weight of evidence favoring the plaintiff.
On September 3, 1996, the plaintiff filed a Request To Supplement Motion To Set Aside Verdict, alleging that an alternate juror had improperly participated in jury CT Page 5366 deliberations.
As to the September 3, 1996 Motion, the Court conducted an evidentiary hearing in which it heard testimony from the plaintiff's wife, a friend of the plaintiff's wife, an alternate juror and the six regular jurors.
When the case was about to be given to the jury late Thursday afternoon, August 15, 1996, there was only one alternate remaining. In addition, one of the regular jurors was not going to be able to continue as a juror after Friday, August 16, 1996. The situation therefore arose that if the alternate was discharged and the jury did not reach a verdict by Friday, there would only be five jurors left to continue deliberations the following week.
In order to remedy this situation, the parties stipulated through counsel that the alternate juror would be present in the jury room while the regular six jurors were deliberating, but that she would not participate in the deliberation unless and until she became one of the regular six jurors in the event the jury did not reach a verdict by Friday, August 16, 1996. The Court instructed the alternate not to participate in the deliberations, and also instructed the regular six jurors not to permit her to participate in their deliberation process. Inasmuch as the jury returned its verdict on Friday, August 16, 1996, the alternate juror never became a member of the jury.
II. Factual Findings.
After reviewing the testimony given at the evidentiary hearing, and having evaluated the credibility of the witnesses, the Court makes the following factual findings:
1. On or about Friday, August 30, 1996, the plaintiff's wife saw the alternate juror in a grocery store; in the course of this conversation the alternate juror told Mrs. Turk that she had talked to the jury during the jury's deliberation.
2. During the time when the jury was deliberating, the alternate juror spoke to the six regular jurors about the case, she participated in the deliberation; she added to the jury's information; she conveyed to the jury her opinion on various matters relating to the case that were being discussed; she communicated to the jury that she was in favor of the defendant; CT Page 5367 and she stated her opinion to the jury on what the evidence was or what the evidence meant.
III. Law and Conclusions.
A. Motion to Set Aside Verdict as being against the evidence.
 The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or evidence. O'Brien v. Sever, 183 Conn. 199, 208, 439 A.2d 292 (1981). "The supervision which a judge has over the verdict is an essential part of the jury system. . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality." Burr v. Harts, 75 Conn. 127, 129, 52 A. 724 (1902). The court has a duty to set aside the verdict where the jury's action is so unreasonable as to suggest that it was the product of such improper influences. State v. Avcollie, 178 Conn. 450, 457, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S.Ct. 67, 62 L.Ed.2d 645
(1980), aff'd, 188 Conn. 626, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S.Ct. 2088, 77 L.Ed.2d 299
(1983); Roma v. Thames River Specialties Co., 90 Conn. 18, 19-20, 96 A. 169 (1915). A verdict may be set aside even if the evidence was conflicting and there was direct evidence in favor of the party who prevailed with the jury. Roma v. Thames River Specialties Co., supra 20.
Palomba v. Gray, 208 Conn. 21, 23-24 (1988).
This Court finds that based on the evidence, the jury could reasonably, logically and legally have determined that the plaintiff failed to sustain his required burden of proof as to the essential elements of his cause of action.
The Motion to Set Aside Verdict as being against the evidence, dated August 20, 1996, and filed August 21, 1996 is CT Page 5368 denied.
B. Motion to Set Aside Verdict for jury impropriety.
In the case of State v. Castonguay, 194 Conn. 416 (1984), during the evidentiary phase of the case, the jury asked the court whether it could discuss the case as the evidence came in during the trial. The court instructed the jury that they could discuss the testimony. On appeal, the Supreme Court remanded the case to the trial court for an evidentiary hearing on whether that erroneous instruction was harmless error. The Supreme Court stated what the scope of that evidentiary hearing should be.
 We recently stated in Williams v. Salamone, supra 122 n. 7, that "the trial court is not concerned with mental processes of the jurors, but the nature and quality of the misconduct. See Aillon v. State, 168 Conn. 541, 55051, 363 A.2d 49 (1975). The question is whether the misconduct is of such a nature that it probably rendered the juror unfair or partial." In determining the "nature and quality" of the "misconduct" we must be mindful that the concerns underlying Washington were not simply that the jurors may have discussed the evidence presubmission, but that they may have taken positions on the evidence. Therefore, it would be proper to ask the jurors if they discussed the evidence. If the answer is "yes," then it would be permissible to inquire whether the discussion was merely to refresh their memories about the evidence, in which case the erroneous instruction is harmless, or whether anyone evaluated or stated an opinion on the evidence, in which case a new trial is required. Any inquiry into the content of the opinion or the impact it had on the juror is clearly impermissible. Aillon v. State,
supra, 551-52.
State v. Castonquay, supra, p. 437. Inasmuch as the Court may not inquire into the impact any improper discussion had on the jury, this Court may not consider the question of whether or not the verdict would have been the same, that is for the defendant, even if there had not been any improper discussion.
If this Court finds that juror misconduct occurred, it must determine whether that should result in a new trial. CT Page 5369
 With a few possible exceptions, a chance of prejudice inheres in every instance of juror misconduct. For this reason the courts scrupulously guard against its occurrence. Nevertheless, we have frequently declared that not every instance of misconduct requires a new trial. Hamill v. Neikind, supra; Pettibone v. Phelps, supra. Were we to adopt the test set out by the plaintiff, almost every instance of juror misconduct would in fact result in a new trial.[7]
We believe, therefore, that the trial court adopted a more prudent and reasonable test: "whether the misbehavior is such to make it probable that the juror's mind was influenced by it so as to render him or her an unfair and prejudicial juror."
Williams v. Salamone, 192 Conn. 122.
The Court has not concerned itself with the mental processes of the jurors, but rather with the nature and quality of the misconduct.
Based upon the court's factual findings, detailed supra, the court concludes that there was jury misconduct during deliberations, and that such misconduct made it probable that the jurors' minds were influenced by that misconduct so as to render them an unfair and partial jury.
The Motion To Set Aside The Verdict on the ground of jury misconduct is granted.
Walsh, J.