[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #136, MOTION TO SET ASIDE VERDICT
Pursuant to the provisions of § 16-35 of the Connecticut Practice Book, the defendants have moved to set aside the verdict rendered by the jury on November 29, 2001. The defendants assert that said verdict should be set aside for the following reasons:
 1. The verdict rendered by the jury was against the weight of the evidence;
2. The verdict was contrary to law;
 3. The verdict regarding economic damages was entered without any sufficient evidence to support same;
4. The verdict was the result of sympathy or bias; and
 5. The verdict was the result of sympathy or bias due to the improper argument and rebuttal argument of counsel at the close of the case.
 I Standard of Review
Our state's Supreme Court has identified a standard for setting aside a verdict:
The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence. O'Brien v. Seyer, 183 Conn. 199, 208, 439 A.2d 292 (1981). "The supervision which a judge has over the verdict is an essential part of the jury system. . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality." Burr v. Harty, 75 Conn. 127, 129, 52 A. 724 (1902). The court has a duty to set aside the verdict where the jury's action is so unreasonable as to suggest that it was the product of such improper influences. CT Page 2814 State v. Avcollie, 178 Conn. 450, 457, 423 A.2d 118
(1979), cert. denied, 444 U.S. 1015, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980), aff'd, 188 Conn. 626, 453 A.2d 418
(1982), cert. denied, 461 U.S. 928, 103 S.Ct. 2088, 77 L.Ed.2d 299 (1983); Roma v. Thames River Specialties Co., 90 Conn. 18, 19-20, 96 A. 169 (1915). A verdict may be set aside even if the evidence was conflicting and there was direct evidence in favor of the party who prevailed with the jury. Roma v. Thames River Specialties Co., supra, 20.
Palomba v. Gray, 208 Conn. 21, 23 (1988).
 I The evidence introduced was legally insufficient to entitle the Plaintiff to recover against either defendant.
The defendant's assert that the evidence was insufficient to support a verdict in favor of the plaintiff. However there was ample evidence, including, but not limited to the physical evidence, eyewitness testimony and expert witness testimony from which the jury could reasonably conclude that the proximate cause of the plaintiff's damages was the negligence of the defendant Carlos Ruemmele.
 III Economic Damages Were Entered Without Support of Same
The defendants assert that the evidence did not support the economic damages awarded by the jury. However, the jury heard testimony about the plaintiff's decedent's work history, education and training. Furthermore, the jury heard evidence via plaintiff's expert witness concerning economic damages.
Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed CT Page 2815 upon by the jury and not by the court. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. . . . The size of the verdict alone does not determine whether it is excessive. The only practical test to apply to [a] verdict is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict . . .
Murray v. Taylor, 65 Conn. App. 300, 324 (2001).
There was adequate evidence to support the jury's award of economic damages.
 IV V Verdict was the Result of Sympathy or Bias
The defendants assert that evidence introduced by Dr. Kafher and plaintiff's Exhibit 13 showed that the plaintiff died of blunt trauma. However a photograph was admitted into evidence which showed, among other things the plaintiff's decedent body which had been burned by fire.
The photograph referred to by the defendants was one of two photographs that were offered as exhibits by the plaintiff. After reviewing said photographs the Court sustained the defendant's objection as to one photograph, but overruled the objection as to the other. The Court admitted the subject photograph for reason that it was a picture that showed the position of the plaintiff's decedent's vehicle and the point at which it came to rest after the accident. Furthermore, the court reasoned that the picture was admitted was a taken from a position that was sufficiently far enough from the plaintiff's decedent to minimize any possibility of a prejudicial effect upon the jury.
Before making its final decision as to whether or not to admit the photographs the Court considered whether the probative value exceeded the possible prejudicial effect. Upon completing its review the Court determined that one of the photographs would be admitted because it met this standard. The other was excluded because it did not. CT Page 2816
 "`[A] potentially inflammatory photograph may be admitted if the court, in its discretion, determines that the probative value of the photograph outweighs the prejudicial effect it might have on the jury.'" State v. Deleon, supra, 369; see State v. Ross, 230 Conn. 183, 277, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S.Ct. 1133, 130 L.Ed.2d 1095 (1995) (even gruesome photographs may be admissible if they tend to prove or disprove material fact in issue). Furthermore, "a trial court has broad discretion in weighing the potential prejudicial effect of a photograph against its probative value. . . ."
 State v. Satchwell, 244 Conn. 547, 575 (1998);
 If a photograph "has a tendency to prejudice the jury, the question before the court is whether its value as evidence outweighs its possible prejudicial effect." Pisel v. Stamford Hospital, supra, 324; State v. LaBreck, 159 Conn. 346, 269 A.2d 74 (1970).
 Hall v. Burns, 213 Conn. 446, 465 (1990).
The defendants further assert that bias was generated against the defendants by admission of vehicle inspection logbook entries. The defendants assert that the plaintiff did not allege that the accident was the result of a logbook violation, nor did he allege that the defendant, Ruemmele was impaired due to tiredness.
Although all of the defendant's logbooks were offered as an exhibit, the Court only admitted the logbook entries for the day of the accident. Paragraph seven (7) of the plaintiff's Complaint alleges that the injuries and damages its decedent were proximately caused by the negligence of the defendant Carlos Ruemmele in a number of different ways. Subparagraph 7(f) provides that said defendant was negligent in the following manner:
 In that he failed to use the degree of care of a reasonable and prudent person under the circumstance then and there existing.
The defendant Carlos Ruemmele was a tractor-trailer driver at the time of the subject accident. The jury could have reasonably found that the logbook provided evidence relating to the defendant's negligence due to the driving related activities that were entered into the log book on the CT Page 2817 day of the accident.
The defendants also cite as a source of bias, plaintiff's counsel's closing argument. The defendants assert that plaintiff's counsel stated during oral argument that they should send the defendants a message.
The Court charged the jury that if they were to award damages they must use the standard of "fair just and reasonable compensation". Furthermore, the Court charged the jury that although counsel suggested amounts that might desire the jury to figure into their verdict, said suggestions did not constitute evidence.
After sending the jury into the deliberating room, defense counsel made an oral motion for a mistrial and raised an issue concerning plaintiff's counsel mentioning in his rebuttal that he could have asked for a higher amount then he did on initial closing argument. The Court denied the motion for a mistrial, but brought the jury back out into the courtroom and once again charge them that they had the sole right to determine the amount of appropriate damages despite any suggestions by counsel.
The defendants do not cite any cases for there assertion that it was improper for the plaintiff to mention that he did not ask for a higher number during his rebuttal, however it is the position of the Court that even if it were improper, the alleged defect was cured by the Court charging the jury for a second time on the issue of suggest amounts of damages.
 Conclusion
The Court finds that the jury did not make any mistakes concerning their application of legal principles to the facts in this case. The Court also finds that verdict was not the result of sympathy and the jury was not improperly influenced or biased. The damages awarded by the jury were not excess but reasonable in light of the evidence presented. Court further finds that there was adequate evidence upon which the jury might have reasonably reached their conclusions in this matter.
The damages that were awarded by the jury were not so is so unreasonable as to suggest that it was the product of such improper influences.
The jury's verdict in this matter is not contrary to the evidence that was presented at trial. This Court cannot and will not substitute its own judgment for that of the jury. The defendants' motion to set aside verdict is denied.
Richard A. Robinson, J March 6, 2002 CT Page 2818