[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #148, MOTION TO SET ASIDE VERDICT
CT Page 6442
Pursuant to the provisions of § 16-35 of the Connecticut Practice Book, the defendant Laurie Pagano has moved to set aside the verdict rendered by the jury on January 25, 2002. Said defendant asserts that said verdict should be set aside for the following reasons:
1. The verdict is against the evidence.
2. The verdict is excessive.
 I Standard of Review
Our state's Supreme Court has identified a standard for setting aside a verdict:
 The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence. O'Brien v. Seyer, 183 Conn. 199, 208, 439 A.2d 292 (1981). "The supervision which a judge has over the verdict is an essential part of the jury system. . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality." Burr v. Harty, 75 Conn. 127, 129, 52 A. 724 (1902). The court has a duty to set aside the verdict where the jury's action is so unreasonable as to suggest that it was the product of such improper influences. State v. Avcollie, 178 Conn. 450, 457, 423 A.2d 118
(1979), cert. denied, 444 U.S. 1015, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980), aff'd, 188 Conn. 626, 453 A.2d 418
(1982), cert. denied, 461 U.S. 928, 103 S.Ct. 2088, 77 L.Ed.2d 299 (1983); Roma v. Thames River Specialties Co., 90 Conn. 18, 19-20, 96 A. 169 (1915). A verdict may be set aside even if the evidence was conflicting and there was direct evidence in favor of the party who prevailed with the jury. Roma v. Thames RiverCT Page 6443 Specialties Co., supra, 20.
 Palomba v. Gray, 208 Conn. 21, 23 (1988).
 I The Verdict Is Against the Law.[1]
The defendant asserts that the evidence was insufficient to support a verdict in favor of the plaintiff. However there was sufficient evidence, including, but not limited to the physical evidence and testimony from plaintiff's witnesses Rosalie Kaiser, Paul Criscuolo as well as the defendants themselves from which the jury could reasonably conclude that the defendants were doing business as Middlesex Counseling Services and in that capacity entered into either an implied contract or an express contract with the plaintiff SNET. Said evidence includes, but is not limited to evidence that the defendants participated in meetings concerning the negotiation of the subject contract (including such terms as price, type of advertisements, and in which directories the advertisements would be placed). Additionally there was sufficient evidence for the jury to reasonably conclude that the defendants had undertaken a course of conduct wherein an implied contract was created between the parties.
There was sufficient evidence for the jury to reasonably conclude from the evidence presented that the service was in fact provided and that the defendants had benefited from yellow pages services provided in accordance with the contract. This evidence includes the testimony of Richard E. Godek and Laurie J. Pagano
 III The Verdict is Excessive or Exorbitant
The defendant asserts that the only evidence of damages offered by the plaintiff was a document created by John Nelson (Plaintiff's Exhibit 28), was "not tied to the purported orders/applications or to any SNET phone bill." There was sufficient evidence introduced via exhibits and testimony concerning the amount of the outstanding bill and that the bills had been sent to the defendants. The evidence supports a judgment in favor of the plaintiff in that it indicates that both defendants had participated in negotiating with representatives of the plaintiff concerning the amount of advertising that the defendants would order from said plaintiff The evidence further supports a judgment in favor of the plaintiff in that the jury could have reasonably and legally determined that the defendants were doing business as Middlesex Counseling Services CT Page 6444 and that they were both responsible for the payment of the bills.
In fact both defendant testified that they had complained about the amount of the bills to the plaintiff. Although the defendant asserts that the evidence indicates that his bill was zero, there was evidence from which the jury could reasonably conclude that the Yellow Pages bill had been taken off of Middlesex Counseling's regular phone bill and billed separately due to the dispute between the parties.
 Conclusion
The Court finds that the jury did not make any mistakes concerning their application of legal principles to the facts in this case. The Court also finds that verdict was not the result of sympathy and the jury was not improperly influenced or biased. The Court further finds that there was adequate evidence upon which the jury might have reasonably reached their conclusions in this matter.
The jury's verdict in this matter is not contrary to the evidence that was presented at trial. This Court cannot and will not substitute its own judgment for that of the jury. The Defendant's motion to set aside verdict is denied.
Richard A. Robinson, J May 15, 2002