[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT MOTION #218 MOTION FOR REMITTITUR, MOTION #216, 217
The defendants in the above entitled matter have moved that the verdict be set aside for the following reasons:
1. The verdict was against the evidence.
2. The verdict was against the law.
3. Counsel for the plaintiffs improperly stated to the jury that the defendants had paid for the property damage to the plaintiffs' vehicle prior to trial.
4. The trial court improperly limited the cross examination of medical experts for the plaintiffs.
5. The trial court improperly charged the jury on the issue or permanent injuries claimed by the plaintiff Jacqueline Hughes.
6. The trial court improperly allowed evidence in regard to future medical costs although there was no proper expert disclosure on this subject.
7. The verdict was excessive in light of the evidence and law in this matter.
 Standard of Review
Our state's Supreme Court has identified a standard for setting aside a verdict:
The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, CT Page 12385 is against the law or the evidence. O'Brien v. Seyer, 183 Conn. 199, 208, 439 A.2d 292 (1981). "The supervision which a judge has over the verdict is an essential part of the jury system. . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality." Burr v. Harty, 75 Conn. 127, 129, 52 A. 724
(1902). The court has a duty to set aside the verdict where the jury's action is so unreasonable as to suggest that it was the product of such improper influences. State v. Avcollie, 178 Conn. 450, 457, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980), aff'd, 188 Conn. 626, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, 103 S.Ct. 2088, 77 L.Ed.2d 299
(1983); Roma v. Thames River Specialties Co., 90 Conn. 18, 19-20, 96 A. 169 (1915). A verdict may be set aside even if the evidence was conflicting and there was direct evidence in favor of the party who prevailed with the jury. Roma v. Thames River Specialties Co., supra, 20.
Palomba v. Gray, 208 Conn. 21, 23 (1988).
 I 1. The verdict was against the evidence.
The Defendant's assert that the evidence was insufficient to support a verdict in favor of the Plaintiffs. However there was ample evidence, including, but not limited to the physical evidence, eyewitness testimony and expert witness testimony from which the jury could reasonably conclude that the proximate cause of the Plaintiffs' damages was the negligence of the defendant Harry G. Rearden when he operated the vehicle owned by Defendant's U-Haul and rented by the defendant Wilma Rearden on Interstate 95 at the time and place of the accident that is the subject of this law suit. CT Page 12386
2. The verdict was against the law.
The Defendants assert that the verdict was against the law. However there was ample evidence, including, but not limited to the physical evidence, eyewitness testimony and expert witness testimony from which the jury could reasonably conclude that the proximate cause of the plaintiffs' damages was the negligence of the Defendant Harry G. Rearden when he operated the vehicle owned by Defendant, U-Haul and rented by the Defendant, Wilma Rearden on Interstate 95 at the time and place of the accident that is the subject of this law suit.
3. Counsel for the plaintiffs improperly stated to the jury that theDefendants had paid for the property damage to the Plaintiffs' vehicleprior to trial.
The Defendants assert that the counsel for the plaintiff improperly stated to the jury that the defendants had paid for the property damage for the plaintiffs' vehicle prior to the commencement of trail. Once the comment was made and objected to, the Court excused the jury, addressed the issues with counsel outside of the presence of the jury, sustained the objection, that the comments were improper, but denied the motion for a mistrial and instead issued a curative instruction that the comment made by Plaintiffs' counsel was improper and the jury was to disregard it. The Court further asked the members of the jury as to whether they could remove the comment from their minds and continue the trial as if it not been made. The members of the jury acknowledged that they could and would disregard said comment. In the absence of a fair indication to the contrary, the Court presumes that the jury followed its instructions.State v Senquiz, 68 Conn. App. 571, 590 (2002). The mere fact that the jury requested to look at the estimate of damages to the vehicle, an exhibit that was admitted without objection is not, in of itself, a fair indication that the jury did not follow the Court's instructions.
The impact of improper arguments by counsel can usually be nullified by the court's curative instruction. Fonck v. Stratford, 24 Conn. App. 1, 4
(1991). In the case at bar said curative instructions were made immediately after the subject argument was made and objected to by opposing counsel.
4. The trial court improperly limited the cross-examination of medicalexperts for the plaintiffs.
The Defendants assert that their cross-examination of the Plaintiff's medical experts was improperly limited. The limitation that was placed on the cross-examination of the plaintiffs' medical experts consisted of CT Page 12387 testimony concerning a Massachusetts lawsuit that the Plaintiff Daniel Hughes had filed. The Court's ruling was that the defendant had not established a proper foundation for the evidence to be presented through the witness that was testifying, i.e, the medical doctor. The Defendants concede that the evidence related to said law suit was admitted into Court during the testimony of the Plaintiff, Daniel Hughes (See Memorandum of Law in Support of Motion to Set Aside the Verdict and Motion for Remittitur, at pp. 7, 6.). The Court's order concerning the subject testimony did not prohibit the defendant from offering the same evidence once the proper foundation had been established. Furthermore, there was nothing in the Court's ruling that prevented the Defendant's from reserving a showing the disputed testimony until the foundation had been established through the proper witness, or prohibited the Defendant's from showing the redacted portion of the videotape testimony once the proper foundation had been established. To allow the evidence concerning the lawsuit to come in though the medical experts would have been to allow the issue to come into the trial without any foundation what-so-ever. This of course could lead to otherwise inadmissible evidence coming into the trial or to otherwise lead to jury confusion.
5. The trial court improperly charged the jury on the issue or permanentinjuries claimed by the plaintiff Jacqueline Hughes.
Evidence was presented at trial that the Plaintiff sought psychological treatment in 1998 and that the accident was the proximate cause of the Plaintiff's need for said treatment. The trial in this matter occurred in 2002. Based on the evidence presented at trial the jury could have reasonably inferred that the Plaintiff injury would continue into the future.
Compensation to the plaintiff properly included items which, with a reasonable degree of certainty, would exist in the future. Trani v. Anchor Hocking Glass Corporation, 142 Conn. 541, 544, 116 A.2d 167
(1955); Boland v. Vanderbilt, 140 Conn. 520, 523, 102 A.2d 362 (1953). The [jury] had the opportunity to assess the testimony of the plaintiff and her doctor. It could properly conclude that if the disability still existed two years after the accident, it would in all probability continue. A trier of facts can conclude, by inference, that an injury will be permanent even though there is no medical testimony expressly substantiating permanency.
Royston v. Factor, 1 Conn. App. 576, 577 (1984). CT Page 12388
6. The trial court improperly allowed evidence in regard to futuremedical costs although there was no proper expert disclosure on thissubject.
The plaintiff, by way of a Disclosure of Expert Witnesses, filed on June 4, 1998, disclosed that Anna Micci, L.I.C.S.W. would testify that Plaintiff, Jacqueline Hughes, at the time of the disclosure was being seen once per week and that "[t]here was some improvement in her affect yet, she will require weekly treatment at least for the next 8-12 months." The disclosure does not provide that the Plaintiff was treated for an exact period of time and then was no longer treated, nor does it provide that the Plaintiff would need treatment for a specifically defined period of time in the future. Instead the disclosure speaks in term of "atleast for the next 8-12 months" (emphasis added). The subject disclosure was made in 1998. The defendants were aware since that time that the disclosure was open ended as it related to the length of time that treatment would be necessary. The Defendants could have filed the appropriate discovery at anytime as to the continuing treatment of the Plaintiff and as to whether it had become permanent, but apparently chose not to do so.
7. The verdict was excessive in light of the evidence and law in thismatter.
The defendants assert that the evidence did not support the damages awarded by the jury. However, the jury heard an abundance of testimony about the plaintiffs' work histories, education, training, hobbies, life styles, daily activities, emotional and physical pain suffering and domestic situation. Furthermore, the jury heard evidence via plaintiffs expert witness concerning economic damages. The award of damages in a civil trial is by no means an exact science, our law requires that a finder of fact come to reasonable conclusions about this issue. In the current situation, the finder of fact was a jury of the litigants' peers.
Litigants have a constitutional right to have factual issues resolved by the jury. . . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of CT Page 12389 fact as to which there is room for a reasonable difference of opinion among fairminded men passed upon by the jury and not by the court. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. . . . The size of the verdict alone does not determine whether it is excessive. The only practical test to apply to [a] verdict is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict . . .
Murray v. Taylor, 65 Conn. App. 300, 324 (2001).
The award in the instant action does not shock the Court's sense of justice, nor does the Court find it to be excessive or exorbitant. There is adequate evidence to support the jury's award of damages, both economic and non-economic. This Court finds no reason to substitute its judgment as to damages for that of the jury.
The Motion to Set Aside Verdict and Motions for Remittitur (216, 217) are denied.
Richard A. Robinson September 27, 2002 CT Page 12390