[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION #115, MOTION TO SET ASIDE VERDICT, MOTION #117, MOTION FOR REMITTITUR, MOTION #118 MOTION FOR NEW TRIAL
Pursuant to the provisions of § 16-35 of the Connecticut Practice Book, the defendant Christopher Wood has moved to set aside the verdict rendered by the jury on December 13, 2002. Said defendant asserts that said verdict should be set aside for reason that the plaintiff mentioned "insurance" during the trial.
This Court will address the issues raised by the defendant in the order that they appear in his Memorandum in Support of his motion.
Motion to Set Aside Verdict
Our state's Supreme Court has identified a standard for setting aside a verdict:
The trial court possesses inherent power to set aside a jury verdict which, in the court's opinion, is against the law or the evidence.O'Brien v. Seyer, 183 Conn. 199, 208, 439 A.2d 292 (1981). "The supervision which a judge has over the verdict is an essential part of the jury system . . . [The trial court] should not set aside a verdict where it is apparent that there was some evidence upon which the jury might reasonably reach their conclusion, and should not refuse to set it aside where the manifest injustice of the verdict is so plain and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption or partiality." Burr v. Harty, 75 Conn. 127, 129, 52 A. 724 (1902). The court has a duty to set aside the verdict where the jury's action is so unreasonable as to suggest that it was the product of such improper influences. State v. Avcollie, 178 Conn. 450, 457, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980), aff'd, 188 Conn. 626, 453 A.2d 418 (1982), cert. denied, 461 U.S. 928, CT Page 3319103 S.Ct. 2088, 77 L.Ed.2d 299 (1983); Roma v. Thames River SpecialtiesCo., 90 Conn. 18, 19-20, 96 A. 169 (1915). A verdict may be set aside even if the evidence was conflicting and there was direct evidence in favor of the party who prevailed with the jury. Roma v. Thames RiverSpecialties Co., supra, 20.
Palomba v. Gray, 208 Conn. 21, 23 (1988).
The defendant bases its motion on the fact that the plaintiff mentioned the word insurance during the trial. The defendant further asserts that the fact that the plaintiff's own demands never exceeded fifteen thousand dollars ($15,000.00) supports its contention that the verdict was excessive.
The award of damages in a civil trial is by no means an exact science, our law requires that a finder of fact come to reasonable conclusions about this issue. In the current situation, the finder of fact was a jury of the litigants' peers.
Litigants have a constitutional right to have factual issues resolved by the jury . . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men passed upon by the jury and not by the court . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury . . . The size of the verdict alone does not determine whether it is excessive. The only practical test to apply to [a] verdict is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict . . .
Murray v. Taylor, 65 Conn. App. 300, 324 (2001).
The jury in the instant action awarded damages to the plaintiff as follows:
A. Economic Damages $ 4,651.00 CT Page 3320
 B. Non Economic Damages $45,000.00 ---------- C. Total Damages $49,651.00
The jury further found that the plaintiff was fifteen percent (15%) contributorily negligent and reduced the damages by seven thousand four hundred forty-eight dollars ($7,448.00), thereby awarding the plaintiff a total of forty-two thousand two hundred and three dollars ($42,203.00).
The award in the instant action does not shock the Court's sense of justice, nor does the Court find it to be excessive or exorbitant.
The plaintiff testified that he did not seek medical treatment immediately after the accident because he was financially unable to do so. (Transcript at Page 49.) He also testified that he was able to figure out an affordable option by seeking chiropractic treatment about a week after the accident. The plaintiff testified that as the result of the accident he experienced pain in the left side of his neck and lower back, and it felt like parts of his body would fall asleep. (Transcript at Page 50.) The plaintiff further testified that he had treated with the Chiropractor for a period of approximately four to five months and despite the treatment he still suffers from symptoms resulting from the accident even as of date of the trial. The plaintiff also testified that the pain affects his ability to do his work. (Transcript at page 52.)
The Defendant asserts that the plaintiff improperly mentioned insurance during the course of the trial. However, once the comment was made and objected to by the defendant, the Court excused the jury, addressed the issues with counsel outside of the presence of the jury, sustained the objection that the comment was improper, but denied the motion for a mistrial and instead issued a curative instruction that the comment made by plaintiff was improper and the jury was to disregard it. The Court further asked the members of the jury as to whether they could remove the comment from their minds and continue the trial as if it not been made.[1] The members of the jury acknowledged that they could and would disregard said comment. In the absence of a fair indication to the contrary, the Court presumes that the jury followed its instructions. State v. Senquiz, 68 Conn. App. 571, 590 (2002).
There is adequate evidence in the record to support the jury's award of damages, both economic and non-economic. This Court does not find that the jury was partial, prejudice or influenced by the mention of insurance during the trial. In light of this finding, this Court does not find sufficient reason to substitute its determination as to issue of CT Page 3321 liability and damages for that of the jury.
Motion for Remittitur
In addition to his Motion to Set Aside the Verdict, the defendant has also moved pursuant to the provisions of § 16-35 of the Connecticut Practice Book for a remittitur concerning the verdict rendered by the jury on December 13, 2002. This Motion is based on the same concerns raised in the defendant's Motion to Set Aside the Verdict. Whereas the Court has already addressed the issue concerning the mention of insurance it will not recite its reasoning here, but applies said reasoning to the instant issue.
Section 52-216a concerns adjustments for excessive and inadequate verdicts. This section provides in pertinent part that 52-216a.
If the court at the conclusion of the trial concludes that the verdict is excessive as a matter of law, it shall order a remittitur and, upon failure of the party so ordered to remit the amount ordered by the court, it shall set aside the verdict and order a new trial. If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial . . .
The Court denies this relief for the same reason that it has denied the defendant's Motion to Set Aside. As was previously stated herein, there is adequate evidence in the record to support the jury's award of damages in this matter. Whereas for all of the foregoing reasons this Court does not find the verdict to be excessive, it will not substitute its determination of damages for that of the jury. The jury award in this matter can be considered as liberal, but it is not excessive. It should be noted that the even if the issue of insurance did not arise as it did in this trial, the This requested form of relief is therefore also denied.
Motion for New Trial
Whereas this Court has already found that the issue concerning the plaintiff's mention of insurance during the trial was properly cured by a curative instruction; and has found that there was enough evidence presented during the trial for the jury to reasonably come to the conclusions of damage and liability that it did, the Court denies the defendant's Motion for a New Trial. CT Page 3322
Conclusion
For all of the foregoing reasons, the Motion to Set Aside (Motion 115), Motion for Remittitur (Motion 117), and the Motion for New Trial (Motion 118) are denied.
 Richard A. Robinson, J. March 12, 2003